Judge Gkaham
delivered the opinion of the Court.
Brown, Curtis and Yance, judgment creditors of Speed, being unable to collect their debt by execution, on the 26th July, 1848, exhibited this suit in chancery, to enjoin the City of Louisville from paying to Speed so much of his salary, as City Marsha], due and payable 31st July, 1848, as would pay their • demand. Speed’s salary is $750 per annum, payable monthly; that is, $62 50 at the close of each month. Speed, in his answer, states that in the month when the bill was filed he had in his hands monies of the city, received in discharge of the duties of his office, more than enough to pay his monthly salary, and the city, in fact, owed him nothing when the bill was filed, nor at the end of that month. It appears, from the answer of the city by the Mayor, and from the proof in the cause, that no payment is made to any of the officers of the corporation, except by order of the Mayor and Council, and it frequently occurs that the meetings of the Council take place a few days before the salaries are due, and then payment is made in advance; that whenever the Marshal has money in his hands belonging to the city he receives scrip for his salary and pays the scrip, thus received, into the treasury, and retains the money due him. In this case, the Clerk who discharges that duty did, on the 24th July, two days before the commence *109 ment of this suit, issue his order on the Treasurer for $62 50, being for one month’s salary of Speed as Mar. shal. The certificate was ready for Speed, but it seems ' he did not call for it. The salary was not due till the 31st of the month. The Chancellor decreed that the city pay the complainants said sum of $62 50, and from that decree Speed has appealed to this Court. We regret that we have been able to find but few adjudged cases bearing even remotely on the main question involved in this suit. The case of Divine vs Harvie, (7 Monroe, 439,) which is much relied on by Speed’s counsel, is not strictly analogous to the one now before us. An appropriation of money had been made to Divine by the .Legislature of this State, for services rendered,fuel,&c.,furnished to the Legislature. Harvie, a creditor of Divine,sought,by his bill, to reachthe fund through the Auditor and Treasurer, who were made parties to his suit. The Court, for several reasons, were of opinion he could not maintain his suit. The money belonged to the Commonwealth until it was received by Divine, and the Legislature had not thought proper to provide any mode by which the Commonwealth could be sued. Nor could the funds of the Commonwealth be reached by a suit against her officers ; that the Auditor and Treasurer were not proper parties to the suit, and could not be used as a substitute for the State. The Court then assigns some general and strong reasons, of public policy and public convenience, why it would be improper to permit governmental operations to be clogged, or its business interrupted, by crippling the means of her agents and officers, and thus preventing them from the proper discharge of their duties. We refer to the opinion for the view's of the majority of the Court, then so well expressed. The same reasons, that officers of a State should not, to satisfy their creditors, be deprived of their salaries, the means of sustenance for themselves and families, are applicable, to some extent at least, to the officers of a town or •city. But if the existing laws do not afford the same protection to the city officer which is given to the State *110 officer, it is a question with the law making, and not . the judicial department to determine whether it is expedient that their salaries should not be withholden from them. In the case of Kennedy vs Aldridge, (5 B. Monroe, 141,) it was determined, that when a public officer has received,from the treasury, through an agent, monies to which he was entitled for public services, it is no longer to be regarded as a debt from the State, but becomes a debt from an individual, not distinguishable from other individual debts or demands; and is a chose in action liable to be subjected to the debt of the person entitled to it.
The statute under which this proceeding was instituted, subjects to the satisfaction of a judgment any choses in action belonging to the debtor. When the debtor has, by the sale of property, or by services rendered, acquired a right to demand pay from another,, he has a chose in action, within the meaning of the statute. Hence, in Teeter vs Williams, (3 B. Monroe, 562,) this Court said, “the creditor may, by the aid of the Chancellor, attach whatever maybe due to his debt- or, for labor already performed, and he may attach whatever may become due upon his contract for his future labor; but neither the creditor nor the Chancellor can compel the debtor to work out his part of such a contract, so as to earn the promised reward for the exclusive use of the creditor. If the Chancellor could exercise such power of' compulsion, he woqld not fail to allow to the debtor, out of the proceeds of his labor, so much as was necessary for the support of himself and family.” The statute which authorizes Justices of the Peace to subject choses in action to the payment, of judgments under five pounds, expressly provides, that the act shall not extend to authorize the attachment of money or property, on account of labor or personal services not fully rendered: (3 Stat. Law, 376.) Such being the law, or rule in equity, as to contracts, where individuals are the sole parties to a contract, it becomes an interesting inquiry, whether a contract made by a city with an officer for the performance of personal ser *111 vices, such as discharging the duties of Marshal, come within the spirit of the acts referred to. We have already said that, as the city may be sued, at law or in equity, this case is in that particular, unlike that of Divine vs Harvie, (7 Monroe 439.) But a city and its inhabitants have a kindred interest with that of a State and its citizens, in the faithful performance of public services by public officers. If, by attaching the salary of a State officer, the public service might be injured, or the State, thereby, deprived of the services of citizens eminently qualified to discharge the duties of the offices entrusted to them, so may the town or city be injured in the same way.
Though a creditor may not have a decree against the State for money due an insolvent debtor who is an officer of the State (Divine vs HanielMon. 439) yet such decree may be rendered against a town or city corporation, which may be sued for money actually due to a town or city officer for services at the filing of this bi 11.
The considerations suggested, have brought us to the conclusion that the rule to be adopted, in its application to this and kindred cases, ought, in somerespects, to differ from that in Divine vs Harvie, and that in Teeter vs Williams. It seems to us, that as the city is a corporation which may be sued, a creditor unable, by execution at law, to coerce his debt, may subject to that debt the money actually due and owing from the city to the officer, for services, at the time of the commencement of the suit fully rendered, or where the money has been set apart for his use, and subject immediately to his demand. To extend the rule further, and permit the creditor to file his bill in anticipation of future salary to become due for services to be rendered in future, would be detrimental to the public weal, oppressive to the debtor, and would result in expelling the debtor from the public service, to seek, in some other employment, or other more favored position, the means necessary to the comfortable maintenance of himself and his family. For, if the suit may be instituted five days before the salary is due, the same principle would authorize its commencement at any time, even the day after the duties of the office are, by appointment, devolved on the officer.
As this suit was commenced on the 26th July, when the salary attached was not actually due until the 31st of that month, the rule here laid down would lead to a *112 dismissal of the complainant’s bill, but for the fact, that in accordance with the practice of the city council, the pay of the officer for the entire month had been actually set apart, and ordered to be paid to him on the 24th. Speed, could have received his pay two days before the suit commenced. In fact, the Mayor, whose deposition was taken in the cause, seems to have considered the money as actually paid to Speed. Prom the deposition of the Clerk, it appears the mayor was mistaken. It was not paid, but the certificate or order for payment was made out, ready for delivery to the officer. The facts of the case, therefore, justified the decree of the Chancellor. The decree is affirmed.
Pirtle 4* Speed for appellants; Guthrie 4* Tyler and-Craig for appellees.