# MITCHELL *v.* EVANS.

DEPOSIT TO SECURE COSTS ON APPEAL; APPEALABLE ORDERS; PARTIES TO AN APPEAL.

Money deposited in the court below in lieu of an appeal bond and to operate as security for the costs of appeal only and not as a supersedeas of the judgment appealed from, cannot properly after the dimissal of the appeal be subjected by an order of that court to the payment of the judgment and costs which have accrued in the court below; and an appeal lies to this court from an order of that court granting a motion by the judgment creditor so to subject such deposit and overruling a counter-motion by the judgment debtor to direct the clerk to pay the money so deposited to his attorney, to whom it belongs, and the appeal is properly taken in the name of the judgment debtor; Associate Justice MORRIS *dissenting.*

No. 1043.   Submitted February 6, 1901.   Decided May 22, 1901.

HEARING on an appeal (specially allowed) by the defendant from an order of the Supreme Court of the District of Columbia directing the clerk to pay to the plaintiff, in satisfaction of his judgment, money deposited by the attorney of the defendant in lieu of an appeal bond as security for the costs of a former appeal. *Reversed.*

The COURT in its opinion stated the case as follows:

This cause was begun in the court of a justice of the peace. It has heretofore been before this court on appeal from a judgment of the Supreme Court of the District, wherein, in a trial *de novo* after removal by appeal from the justice's court, it was alleged that a new item was added to the demand which had not been included in the bill of particulars filed in the justice's court. We then held that, in a cause removed from a justice of the peace by appeal, it was not within the jurisdiction of the Supreme Court of the District to allow new items of indebtedness to be introduced on the trial *de novo* in that court; but that, as the record before us failed to show that the item alleged to have been added to the demand had actually entered into the judgment rendered, which was only for the sum of $10 and much less than the sum total of the original account, it did not appear that the court had, in fact, transcended its jurisdiction. The appeal was accordingly dismissed. *Mitchell* v. *Evans,* 17 App. D. C. 233.

In order to prosecute that appeal, the attorney of John Mitchell deposited $50 with the clerk of the Supreme Court, in lieu of an appeal bond, as permitted by law. The deposit was expressly made to operate as security for the cost of appeal, and not as a supersedeas. All the costs, to secure which the deposit was made, have been paid without drawing upon the deposit fund.

On return of the mandate to the Supreme Court, the appellee, W. Warrington Evans, plaintiff in judgment, moved therein for an order directing the clerk to pay the money over in satisfaction of the judgment and costs accrued in that court. Appellant interposed a counter-motion for an order of payment of the fund to his attorney, who had made the deposit. This was accompanied by affidavits of both Mitchell and the attorney to the effect, that the money belonged to the attorney who had deposited the same to obtain the appeal for his client; that it had not been lent to the client; and that he had no pecuniary interest, direct or indirect, in it. The facts alleged in the

affidavits were not denied. The attorney claiming the fund filed the motion of the appellant and appeared therefor on the hearing. He did not ask leave to intervene, or to file an independent motion on his own behalf. The court overruled the latter motion and granted the former. From this order the appellant applied for a special appeal to this court, which was allowed. The appellee moved to dismiss the appeal, and the cause has been heard on that motion and on the merits.

*Mr. Charles A. Keigwin* and *Mr. Charles A. Merrilat* for the appellant.

*Mr. John J. Hamilton, Mr. George E. Hamilton* and *Mr.. M. J. Colbert* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:.

We are of the opinion that the court was without jurisdiction to make the order subjecting the fund in the hands of the clerk to the payment of the judgment, and hence an appeal lies to this court (assuming for the time being that it. has been taken by the proper party), notwithstanding the case originated in the justice's court. *Sturges* v. *Hancock,* 4 App. D. C. 289.

The money did not come into the hands of the clerk, or under the jurisdiction of the court through ancillary process in the cause, or as a condition or incident of the proceedings before final judgment.

There being no fund in court subject to condemnation when the final judgment was rendered, all the remedy remaining to the plaintiff, at law, was the right to have execution upon his judgment.

In order to bring his case within the jurisdiction of the appellate court, the appellant's attorney deposited with the clerk of the Supreme Court of the District, the sum of money fixed as a substitute for the ordinary appeal bond, to secure the costs of that appeal, without supersedeas.

It is not pretended that if the appeal bond had been filed there could be any recovery thereon by the appellee, beyond the said costs.

These paid, the bond would be discharged. As the money was deposited to take the place of the security of the bond, it necessarily follows that the appellee had no lien and was entitled to no charge upon it for the payment of his judgment.

It seems conceded that money in the hands of the clerk of a court is not subject to process of attachment or garnishment, though it is probable that a court of equity might, upon a creditor's bill, compel the assignment of such a fund by an insolvent depositor. There is high authority for the exercise of such jurisdiction in equity. *Pendleton* v. *Perkins,* 49 Mo. 565; *Riggin* v. *Hillard,* 56 Ark. 476; *Speed* v. *Brown,* 10 B. Mon. 108; *Knight* v. *Nash,* 22 Minn. 452. And the principle seems to have been recognized by the Supreme Court of the United States in an analogous case. *Smith* v. *Bourbon Co.,* 127 U. S. 105, 111.

This being the condition of the deposit held by the clerk, the court had no jurisdiction over it save to compel the clerk to pay it to the depositor or upon his order, in event of his refusal so to do upon demand, after the payment of all costs for which it was security.

The execution of the judgment was not a judicial function. The general jurisdiction of the court, in the premises, was exhausted in the rendition of the judgment. The subsequent condemnation of property to the satisfaction of the judgment was more than the court had authority to do, and is not aided by the fact that it had jurisdiction of the subject-matter of the suit itself. *Bigelow* v. *Forrest,* 9 Wall. 339, 351; *Ex parte Lange,* 18 Wall. 163, 176; *Windsor* v. *McVeigh,* 93 U. S. 274, 283.

The remaining question is, whether Mitchell had the right to appeal from the order of condemnation of a fund of which he denied ownership and in which he disclaimed any property interest. There can be no doubt that to warrant an appeal from an ordinary judgment or decree, the party appealing

must have some substantial interest affected thereby or involved therein. Accordingly we have heretofore held that mere trustees appointed by the court to make a sale could not appeal from an order refusing confirmation of the sale reported by them. The persons beneficially interested were parties to the proceeding and did not join in the appeal, and the trustees were not their representatives for any such purpose. *Hallam* v. *Oppenheimer,* 3 App. D. C. 329.

But that was a very different case from this, the circumstances and conditions of which are peculiar and exceptional.

Here, the whole proceeding has been maintained as auxiliary to the main case, in the nature of supplemental process for the enforcement of the judgment, and the special appeal was applied for and allowed upon that assumption.

When the interest of the third party — Mitchell's attorney — was made to appear by his own and Mitchell's affidavit, he did not ask leave to intervene, nor did the plaintiff seek to have him made a party to the record.

It is not clear that the third party could have intervened in this proceeding, though he might possibly have demanded the return of his money by the clerk, and, upon its refusal, filed a motion to compel the same. He preferred to urge his claim through the defendant in judgment and motion as his nominal representative.

Whilst the money was not deposited as a general loan to the defendant, it was for his benefit and the use of it raised a trust relation between him and the depositor. It was his duty to urge the appeal secured by the deposit, with some degree of diligence, and by accepting the benefit he came under obligation to repay the depositor in event the deposit should be consumed by the costs of the appeal.

This trust relation and resulting obligation were sufficient, in our opinion, to cast upon him such a legal title as authorized his representation of the beneficial owner in the proceeding and on the appeal with the knowledge and consent of the latter, and upon his express or implied request. It was not a case of formal pleading, and, under the circumstances, the action of the true owner, who appeared as the attorney

and filed the affidavits, was equivalent to an appearance and request to conduct the defense in the name of the technical or nominal defendant for his use. The defense, it will be remembered, was made, not by direct answer to the plaintiff's motion, but by way of counter-motion in which the defendant asked an order to the clerk to refund the money, not to himself, but to his attorney. The affidavits of ownership were attached to this motion. The opposing party, acquiescing, and accepting this situation with the tacit approval of the court, ought not now to be heard to raise the technical objection to the prosecution of the appeal in the name of the same nominal defendant; for it is manifest that the action of the real owner in so appearing and conducting the litigation has made the judgment conclusive of his rights unless reversed or avoided. *L. & N. RR. Co.* v. *Schmidt,* 177 U. S. 230.

If the representation of a technical or nominal party in a case be sufficient to render the judgment of the trial court conclusive of the rights and interests of the party represented, it would seem to follow that the latter should have the right of appeal therefrom in the name of his representative. In no other way could he obtain the appeal which is the right of all parties aggrieved by the judgment of the trial court.

For the reasons given, the motion to dismiss is overruled; and the judgment will be reversed with costs and the cause remanded with direction to dismiss the motion of the appellee for the subjection of the fund to the payment of his judgment. It is so ordered.        *Reversed.*

Mr. Justice Morris dissented.