Case 14.—ACTION BY L. OBERDORFER AGAINST THE LOUISVILLE SCHOOL BOARD, FOR SALARY AS JANITOR OF SAID BOARD.—March 10.

## Oberdorfer v. Louisville School Board.

Appeal from Jefferson Circuit Court, (Common Pleas, 1st Division).

EMMET FIELD, Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

School Boards—Salaries of Employes—Payment—Duty of Board—Suit Against—Public Policy—Assignment of Salary—Rights of Assignee.

1. School Boards—Salaries of Employes—Payment—The Louisville School Board, under Kentucky Statutes, section 2949, is a corporation, with power to contract, sue and be sued, and under section 2956 it had a right to employ a janitor and fix his salary, and by section 2954 it is its duty to pay such salary

out of the fund which annually comes into its hands for educational purposes.

2. Duty of Board—Suit Against—Public Policy—The payment of the salaries of teachers and employes is one of the duties imposed upon the school board, and a suit against it for the employe's salary relates to the business for which such board was organized, and such suit is not against public policy.

3. Assignment of Salary—Rights of Assignee—A janitor of a school, appointed by the school board, has the right to assign his salary after it is earned, and such assignee has the right to enforce its collection by suit.

CARUTH, CHATTERSON & BLITZ, attorneys for appellant.

POINTS AND AUTHORITIES.

1. There is a distinction between an office and employment. (Amer. & Eng. Ency. of Law, vol. 23, p. 324.)

2. A master commissioner is not a public officer. (Goodloe v. Fox, 96 Ky., 627.)

3. A fireman is not a public officer. (People v. Pinckney, 32 N. Y., 377; State v. Jennings, 57 Ohio State, 415.)

4. A janitor of a school building is not a public officer, but an employe merely.

5. The Louisville School Board is authorized to have employes. (Gen. Stats., secs. 2949-2967-2956.)

6. Unearned salaries may be assigned and collection enforced by assignee. (Holt v. Thurman, 23 Ky. Law Rep., 93.)

7. Earned salaries of public officers can be assigned and enforced. (Holt v. Thurman, 23 Ky. Law Rep., 93, Meechem v. Pub. Off., sec. 874.)

8. The Louisville School Board is empowered to contract and be contracted with, sue and be sued, and to fix the salaries and terms of officers, teachers and employes. (Ky. Stats.)

9. The petition states a cause of action, and demurrer was improperly sustained.

R. H. BLAIN for appellee.

POINTS AND AUTHORITIES.

1. The school Board is an agent of the State government, and can only be sued for school purposes. Payment of appellant's demand against an employe of the board is not a school purpose. (Con., 183; Ky. Stats., chap. 113, sec. 4349 and sec. 2949: Board v. Auditor, 80 Ky., 341; City v. Leatherman, 99 Ky., 213; Roberts v. Louisville School Board, 16 Ky. Law Rep., 183.)

2. The School Board, as agent of the State, unlike Municipali-

ties, is not subject to attachment, garnishment or process on an assigned claim, on grounds of public policy. (Speed v. Brown, 10 B. M., 111; Holt v. Thurman, 23 R., 92; Devine v. Harvey, 7 Mon., 440; Tracy v. Bornbuckle, 8 B., 336; Allen v. Russell, 78 Ky., 118: Heilbronner v. Posey, 20 Ky. Law Rep., 156; Board v. Supt. Pub. In., 102 Ky., 394; City v. Leatherman, 99 Ky., 213; Collins v. Henderson, 11 B., 88; Auditor v. Holland, 14 B., 151; Tiller v. Burke, 19 Ky. Law Rep., 1151.)

3. Funds in hands of School Board is an inviolable trust, for school purposes, and can not be diverted by the Legislature, process of court, or individual assignment. (Con., sec. 184; City v. Leatherman, 99 Ky., 213; Board of Trust. v. Board of Ed., 24 Ky. Law Rep., 102; City v. Louisville School Board, 17 Ky. Law Rep., 697; City of Cynthiana v. Board, 21 Ky. Law Rep., 731; Board of Trust. v. Board of Ed., 25 Ky. Law Rep.,341; Auditor v. Frankfort, 81 Ky., 681; Underwood v. Wood, 93 Ky., 179; Higgins v. Prater, 91 Ky., 6; Halbert v. Sparks, 9 B., 259; Williamstown v. Webb, 89 Ky., 265.)

OPINION BY JUDGE PAYNTER—Reversing.

From the averments of the petition, the Louisville School Board employed John T. Bell as a janitor, and was indebted to him for wages which were past due. Bell assigned the claims to appellant, who instituted this action against the School Board to recover them. The court sustained the demurrer to the petition.

By sec. 2949, Ky. Stats., 1903, the Louisville School Board is a corporation, with the power to contract, sue, and be sued. It had the right to employ a janitor and fix his compensation, under sec. 2956, Ky. Stats., 1903, for it is there provided that it may elect principals, teachers, and employes, and fix their salaries. This being true, it was the School Board's duty to pay the salaries thus fixed out of the funds which annually come into its hands for educational purposes. (Sec. 2954, Ky. Stats., 1903.)

The objections to the right to maintain the suit will appear in order:

It is insisted that the School Board is an agent of the State, and can only be sued for school purposes. Under the law the board of education has control of

funds to pay the expenses of the public schools, which includes principals, teachers, and employes. The payment of any of these salaries is one of the duties imposed upon the School Board. A suit against a School Board for an employe's salary relates to the business for which the School Board was organized.

It is insisted that the School Board, as an agent of the State, is not subject to be sued, on the grounds of public policy. This is answered by the statement that the Legislature has given its consent that the School Board may be sued.

Counsel for appellee again says that funds in the hands of the School Board "can not be diverted by the Legislature, processes of court, or individual assignment." The purpose of this action is not to divert funds in the hands of the School Board, but to enforce the payment of it for school purposes. If it had been paid to the janitor or his assignee, it is quite certain that it would have been paid for school purposes, because the law imposes that duty upon it. If it was the duty of the School Board to pay the janitor, as we have found it to be, he had the right to enforce the payment of it by suit upon the board's refusal to pay it. If he had the right to do it, then his assignee had the same right, unless it was against public policy for the janitor to have made the assignment of his claim against the School Board. If it were conceded that a janitor is a public officer, then he had the right to make an assignment of his salary after he had earned it. (Holt v. Thurman, 111 Ky., 84, 63 S. W., 280, 23 Ky. Law Rep., 92.)

The judgment is reversed for proceedings consistent with this opinion.