### Batesville Casket Co. v. Fields et al.

Oct. 28, 1941.

W. W. Burchett for appellant.

J. J. Moore and Henry J. Scott for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

On the 9th day of December, 1933, appellant, Batesville Casket Co., obtained judgment against appellee, R. M. Fields, in the sum of $377.40, with interest from the 8th day of August, 1928. No part of the judgment hav-

ing been satisfied, on August 8, 1940, appellant caused an attachment to issue which was executed on the 10th day of August, 1940, on the duly constituted officers of the Commonwealth of Kentucky as garnishees, alleging that the state of Kentucky had in its hands the sum of $400 representing salary due appellee for the month of August, 1940, for his services to the Commonwealth as judge of the 35th judicial district of Kentucky. On the 2nd day of September, 1940, the Commonwealth answered that it had in its possession, subject to the order of the court, the sum of $400 for which check had been issued payable to R. M. Fields. It further alleged that on the 6th day of August, 1940, there was filed with the department of finance and the treasurer of the Commonwealth an assignment to the Pikeville Bank and Trust Co., of Pikeville, Kentucky, of the salary that was to become due Judge Fields for the month of August, 1940, and that the assignment had been accepted by them previous to the levy of the attachment; that previous to the levy they had been holding the salary subject to the assignment. The Pikeville Bank and Trust Co., on petition, was made party defendant and by answer alleged that on the 29th day of July, 1940, defendant, R. M. Fields, executed and delivered to it his promissory note in the sum of $400 payable 30 days after date, whereupon it paid to him the full amount of the principal thereof less $2 interest; to secure the payment of the note Fields transferred and assigned to the bank his salary as judge of the 35th judicial district of Kentucky for the month of August, 1940. It prayed it be adjudged to be entitled to receive the $400. On the 23rd of September, 1940, appellant caused an alias attachment to issue and on the 27th day of September, 1940, caused it to be executed on the duly constituted officers of the Commonwealth. The latter answered that there had been filed with it an assignment to the Pikeville Bank and Trust Co. of the salary which was to become due the defendant for the month of September, 1940, which assignment was accepted by them prior to the levy of the attachment. The bank by amendment to its answer pleaded the second assignment and prayed appropriate relief. The above facts were stipulated and the case submitted to the special judge who rendered judgment in favor of the Pikeville Bank and Trust Co. and discharged the attachments, from which judgment this appeal has been prosecuted.

It is the contention of appellant that the court erred in adjudging the bank entitled to. the proceeds under the assignment, because (1) the assignment of a public officer's salary is contrary to public policy and void; (2) that the attachments were valid by reason of the provisions of Section 1701b, Kentucky Statutes, which recites:

"That salaries or sums due State, county, school boards, and municipal employees shall be subject to attachment or garnishment the same as if such salaries or sums were due from an individual. * * *''

Appellee contends (1) that the enactment of Section 1701b of the Statutes is in contravention of Sections 133 and 235 of the Constitution; (2) that Section 1701b has no application to salaries of constitutional officers; (3) that enactment of Section 1701b changed the public policy of this state in respect to assignment of salaries of public officers; (4) the plea that public policy prohibits the assignment of salaries of public officers is a defense that may be presented by the officer only; and (5) the salary sought to be attached was not due at the time of the levy and the attachment therefore was invalid. Appellant insists that if it be determined that the attachment levied on August 10 was premature as to its effect on the August salary and the attachment levied on the 27th day of September was premature as to its effect on the September salary, nevertheless, the September attachment should be sustained as to the August salary which was in the hands of the Commonwealth at the time of the levy.

Section 133 of the Constitution provides that judges of the circuit courts shall at stated times receive adequate compensation for their services to be fixed by law which shall be equal and uniform throughout the state so far as it shall be paid out of the state treasury. It is argued that the word "receive" in that section of the Constitution has the force of forbidding the Legislature to pass an enactment which would permit a third person to lay hold of the money set apart for the payment of a judge's salary; but we think that construction to be too narrow. The sole purpose of the section is to make the salaries of circuit judges uniform throughout the state, and there is nothing in the section which indicates that it was the intention of the framers of the Constitution to

render a judge's salary immune to levy under due process of law.

Section 235 of the Constitution provides that the salary of public officers shall not be changed during the term for which they are elected. It is argued that to permit an attaching creditor to seize the salary of a public officer has the effect of reducing his salary to that extent, but that contention, in our opinion, is without merit. The members of the Constitutional Convention did not intend to control the use to which the salary might be put, and if the officer has incurred obligations which must be paid from the salary he is otherwise entitled to receive, he will not be protected under the guise that application of his salary to a debt through legal process has the effect of reducing his salary. We therefore conclude the section does not violate either Section 133 or 235 of the Constitution.

In support of their argument that Section 1701b does not apply to constitutional officers, appellees' brief recites:

> "In the absence of some provision of the Constitution giving the Legislature the right to legislate with respect to what shall or shall not be done with a judge's salary, but upon the other hand with the instrument itself saying that he shall receive it at stated times, we submit that the Legislature is without power to say that any part of it shall be used for debts."

But this argument is based upon an erroneous conception of the function of the Constitution. A state Constitution is not a grant of power to the Legislature but is a limitation of its general powers. The Legislature may pass any act not forbidden expressly or by necessary implication by the Constitution. District Board of Tuberculosis Sanitarium Trustees for Fayette County v. City of Lexington, 227 Ky. 7, 12 S. W. (2d) 348. There is no public policy of a state forbidding its Legislature from doing anything which its Constitution does not prohibit. Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347. Since the Legislature did not limit the application of Section 1701b to a particular class of employees, it is obvious that it is applicable to constitutional as well as other employees of the state and its subdivisions.

Assignments, attachments, and garnishments of salaries due public officers have been held to be contrary to public policy and therefore void until the General Assembly of 1936 enacted Section 1701b. Had the Legislature intended the rule to be changed in respect to assignments, it would have included assignments in the wording of the act, but this it did not do, and in the absence of a specific declaration, we are not inclined to construe it to have that effect. That the Legislature can alter public policy, theretofore declared by the courts to be in effect, is firmly established, Turk v. Martin, 232 Ky. 479, 23 S. W. (2d) 937, and we can see no logic in the argument that a change of public policy in respect to attachments changes by implication the policy in respect to assignments. It is altogether possible that the Legislature came to the conclusion that the provisions of Section 1701b would be of little force if the officer attached were permitted to escape its effect by assigning in advance the salary which would otherwise be subject to attachment. Nor do we see that the use of the words "the same as if such salaries or sums were due from an individual" has the effect of enlarging the scope of the act. They simply mean that the salary of an officer of the state is placed on the same basis as if received from an individual, but in respect to attachments and garnishments only. We are therefore of the opinion that the enactment of Section 1701b did not have the effect of changing the rule that assignment by a public officer of his salary before it becomes due is contrary to public policy and therefore void. Nor do we consider to be meritorious the argument that a defense based upon violation of public policy is available only to the officer himself. No authority has been cited in support of this contention and we are of the opinion that adoption of such reasoning would have the effect of rendering Section 1701b ineffective should the debtor be sufficiently shrewd to anticipate the action of an attaching creditor and assign his salary in advance of the levy of attachment.

We find ourselves in accord with the contention of appellee that the attachment levied in August did not attach the August salary and the attachment levied in September did not attach the September salary. An attaching creditor has no greater right in the property attached than the debtor had at the time of the attachment. Humphries v. Fitzpatrick, 253 Ky. 517, 69 S. W.

(2d) 1058. Since the salary of a state officer is not due until the end of the month, he has no right to be paid until that time, and since the attaching creditor has no greater right in the property attached than the attachment debtor had at the time of the attachment, the August attachment reached nothing and the September attachment did not reach the September salary. Holt v. Thurman, 111 Ky. 84, 63 S. W. 280, 98 Am. St. Rep. 399; Speed v. Brown, 49 Ky. 108, 10 B. Mon. 108. But since the August salary was due and unpaid when the September attachment was levied, the former was effectively reached by the September levy. Holt v. Thurman, supra.

For the reasons given the case is reversed for proceedings consistent with this opinion.

Judge Ratliff not sitting.