# CHARLESTON.

D. E. Hite v. Sheridan Irby *et al.*

(No. 5982)

Submitted May 10, 1927.    Decided May 17, 1927.

Schools and School Districts—*Member of Board of Education, Moving to Another District for Temporary Purpose, Intending to Return, Does Not "Vacate Office"; Evidence Held to Show Member of School Board, Moving From District for Temporary Purpose, Did Not Vacate Office (Code, c. 45, § 43).*

A member of a board of education who moves to another district for a temporary purpose intending to return to his district when that purpose is accomplished, does not thereby vacate his office under Sec. 43, Ch. 45, Code.

(Schools and School Districts, 35 Cyc. p. 894.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by D. E. Hite against Sheridan Irby and others, involving the right of D. E. Hite to continue serving as a member of the School Board of Guyandotte District in Cabell county. Finding for D. E. Hite, and B. L. Fetty brings error.

*Affirmed.*

*Geo. S. Wallace,* for plaintiff in error.

*W. H. Daniel, Scott, Graham & Wiswell,* and *Lace Marcum,* for defendant in error.

HATCHER, PRESIDENT:

This action involves the right of D. E. Hite to continue serving as a member of the School Board of Guyandotte district in Cabell county. The circuit court of that county found in his favor.

In 1924 Hite was duly elected a member of that board for a period of four years. He served until Feb., 1927. From Jan., 1926, until Feb. 23, 1927, he and his family resided in Independent district of that county. During that period the Guyandotte School Board often met at his residence. On Feb. 26 the County Superintendent of Schools appointed another as a member of the Guyandotte Board on the ground that Hite had moved to Independent district and vacated his office under Sec. 43, Ch. 45, Code, which is: "Any member of the Board of Education who shall * * * move to another district * * * shall * * * thereby immediately vacate his office."

Hite testified that he moved from his farm in Guyandotte district because his wife was grieving over the death of a son, and her doctors advised taking her away for a while from unhappy associations; that he never had any intention of removing permanently from his farm; that before he left Guyandotte district he asked the prosecuting attorney whether a temporary removal would affect his membership on the School Board, and was advised that it would not; that shortly after he moved away he asked the same question of the County Superintendent of Schools, and received the same advice; that he and his wife continued to vote in Guyandotte

district while they lived in Independent district; that he left his house in Guyandotte district, and some household goods, in charge of a caretaker; that later he sold this house, intending to build again on another part of his farm; that on Feb. 23, when he received a letter from the County Superintendent of Schools in regard to the matter, he had already rented a house and started to move back into Guyandotte district; and that he completed moving the same day.

The prosecuting attorney testified to advising Hite that a temporary residence out of the district would not affect his office, but a permanent removal therefrom would vacate it.

The County Superintendent of Schools denied having advised Hite as he stated. Two witnesses, however, testified that the Superintendent had said that Hite's removal to Independent district was only temporary.

Hite entered his children in the schools of Independant district without paying tuition for them. It is suggested that his failure to make such payment indicates that he considered himself a permanent resident of that district. Payment of tuition was not required in his case. *I. O. O. F.* v. *Board of Ed.*, 90 W. Va. 8. Consequently, his failure to make that payment has no bearing on the determination of his intention.

It is well settled that two things must occur to change one's residence—intent and act. The act is not sufficient without the intent. "Mere going away temporarily * * * is not enough." There must be fixed and definite design to give up the established residence and assume a new one at another place. See *State* v. *Allen*, 48 W. Va. 154 (156). "Residence is indeed made up of fact and intention; that is, of abode with intention of remaining. But it is not broken by going to seek another abode, but continues until the fact and intention unite in another abode elsewhere." *Pfoutz* v. *Comford*, 36 Pa. 420 (422).

No reason appears why the moving referred to in Sec. 43, Ch. 45, Code, should be given a different construction from that ordinarily applied.

The lower court accepted Hite's explanation of his removal and held that it was temporary. The evidence fully supports that finding. It will therefore be affirmed.

*Affirmed.*