LILLIAN SUTER McFETTERS v. GEORGE ALBERT McFETTERS.

(Filed 31 May, 1941.)

**1. Divorce § 13—**

C. S., 1667, provides two separate remedies, one for alimony without divorce, and second, for reasonable subsistence and counsel fees *pendente lite.*

**2. Actions § 11—**

An action is pending from the issuance of summons, C. S., 475, until determination by final judgment. C. S., 592.

**3. Trial § 25—**

A voluntary nonsuit must be effected by a judgment of the clerk of the Superior Court, C. S., 593, or by the judge at term.

**4. Divorce § 11—Court may allow counsel fees to plaintiff's attorneys before judgment of voluntary nonsuit is entered.**

In this action under C. S., 1667, for alimony and counsel fees *pendente lite* and for alimony without divorce, plaintiff, on the day set for hearing of the motion for alimony and counsel fees *pendente lite,* filed "certificate and affidavit" stating that there had been a reconciliation between plaintiff and defendant and that plaintiff "withdraws and renounces the complaint" and "takes a voluntary nonsuit . . . and prays the court to dismiss" the action as of nonsuit. Plaintiff's attorneys filed petition for counsel fees against defendant, and defendant's attorney filed plaintiff's "certificate and affidavit" as an affidavit in support of defendant's resistance to judgment allowing counsel fees against him. After the petition was filed and after the court had announced its intention of allowing same, judgment as of nonsuit was tendered and signed by the court. *Held:* At the time the petition for counsel fees was filed, the complaint was still a part of the record and the action was still pending, and the petition amounted to a motion to have the court act upon the prayer as made by plaintiff in her complaint, and the action of the court in allowing counsel fees to plaintiff's attorneys against defendant is affirmed.

**5. Pleadings § 24—**

After a pleading is filed it becomes a part of the record and passes beyond the control of the pleader, and, ordinarily, thereafter the question of withdrawal of the pleading must be presented to the court by motion addressed to its discretion.

APPEAL by defendant from *Grady, Emergency Judge,* at 31 March, 1941, Civil Term, of GUILFORD.

Civil action for allotment of subsistence without divorce and for counsel fees under provision of C. S., 1667.

The record on appeal shows: In this action, instituted in Superior Court of Guilford County, North Carolina, 25 March, 1941, plaintiff for causes alleged in her complaint, duly verified by her and asked to be taken as an affidavit in support of motion therefor, prayed not only for

an order allotting to her reasonable subsistence, but for order for temporary allowance of $750 per month for maintenance and support and $2,500 counsel fees *pendente lite,* all as provided in C. S., 1667.

Summons and complaint, as well as notice that on 1 April, 1941, at 9:30 a.m., plaintiff would present to the court motion for temporary subsistence and counsel fees, were duly served on defendant on 25 March, 1941. At 9:20 a.m., on 1 April, 1941, there was filed in office of clerk of Superior Court "certificate and affidavit" dated 31 March, 1941, signed and verified by plaintiff, reading as follows:

"The undersigned, being the plaintiff in the above entitled action, having heretofore advised her counsel of the matters herein stated, does not wish to prosecute the application for subsistence as prayed for in the complaint and hereby certifies that she has resumed marital relations with her husband, the defendant, withdraws and renounces the complaint; and she, therefore, takes a voluntary nonsuit in the said action and prays the court to dismiss the same as of judgment of nonsuit."

On 3 April, 1941, subpœna for plaintiff to appear before the judge of Superior Court at courthouse in Greensboro on Friday, 4 April, 1941, at 9:30 a.m., to give evidence in this action was issued and served on her. On 4 April, 1941, Sapp, Sapp & Atkinson, attorneys, by petition filed, moved in the cause for an order for an allowance of counsel fees for services rendered to plaintiff in the action, as provided by C. S., 1667, and for an order requiring defendant· to pay the same.

Upon hearing of that petition on 8 April, 1941, the court finds as facts, numbered by us, as follows: (1) That this action was brought under C. S., 1667; (2) that plaintiff and defendant are husband and wife; (3) that plaintiff employed the petitioning attorneys to represent her in said action; (4) that at the time she sought the services of the petitioning attorneys she explained to them that she was without resources and had no money with which to pay a fee; (5) that said attorneys brought said action on behalf of plaintiff after investigating the facts and after they realized that plaintiff should receive legal assistance under the circumstances narrated by her, and relied upon the provisions of C. S., 1667, that the court would make an order as therein provided for reasonable counsel fees; (6) that said action was duly brought, the complaint was duly verified, and the summons was duly and regularly served upon the defendant; (7) that the complaint, which was duly verified by plaintiff, states a valid, sufficient, and meritorious cause of action as provided by the terms of C. S., 1667; (8) that after said action had been begun, the summons and complaint served upon the defendant, and while the petitioning attorneys were at work preparing plaintiff's case for trial, the plaintiff called the petitioning attorneys, over the telephone, and stated that the defendant had asked that she give him one more trial, and that

she desired to withdraw the suit; (9) that the petitioner then filed the petition, as aforesaid, as will appear from the records; (10) that Harry R. Stanley, attorney for defendant, drafted the certificate and affidavit appearing of record and now on file and signed by the plaintiff, in which she withdraws her action against the defendant and judgment of nonsuit is this day entered by the court; (11) that said attorney for defendant did not attend the signing of said certificate and affidavit, and thereafter the same was filed in this cause as an affidavit in support of defendant's resistance to judgment allowing counsel fees against him, as sworn to by Harry R. Stanley, attorney, in an affidavit dated 7 April, 1941; (12) that the petitioning attorneys rendered valuable assistance and services to plaintiff before the reconciliation of plaintiff and defendant, and the allegations in respect thereto in the petition filed by the petitioning attorneys are found to be facts; (13) that after the hearing on the attorney's petition aforesaid and after the court had announced its holdings, Harry R. Stanley, attorney, presented to the court the judgment of nonsuit; and (14) that the services rendered by the petitioning attorneys in this matter are reasonably worth the sum of $250; "and the same is allowed, and the court orders and adjudges that this sum be paid to the petitioner, Sapp, Sapp & Atkinson, by the defendant, George Albert McFetters, as provided by C. S., 1667; that this order shall have the effect of a judgment and shall be a lien and a charge against the real and personal property of the said George Albert McFetters, defendant in this action, and unless paid within 10 days from the date hereof execution shall issue by the Clerk of the Court to the Sheriff of Guilford County for the collection and payment of same, and this cause is retained for further orders."

Defendant, reserving exception thereto, appeals therefrom to Supreme Court, and assigns error.

*Sapp, Sapp & Atkinson for plaintiff, appellee.*
*Harry R. Stanley for defendant, appellant.*

Winborne, J. Defendant, appellant, in brief filed on this appeal, states that he does not ask the review of any finding of fact in the judgment of the lower court, but challenges the right and the power of the court to render the judgment. Upon the findings of fact appearing in the judgment the challenge is untenable.

The statute, C. S., 1667, as amended by chapter 123, Public Laws 1921, and by chapter 52, Public Laws 1923, under which this action is instituted, authorizes an independent action in which two remedies are provided:

"If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, or be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board, the wife may institute an action in the Superior Court," (1) "to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband." (2) "Pending the trial and final determination of the issues involved in such action, . . . the wife may make application to the resident judge of the Superior Court, or the judge holding the Superior Courts of the district in which the action is brought, for an allowance for such subsistence and counsel fees, and it shall be lawful for such judge to cause the husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances, for the benefit of his said wife and the children of the marriage, having regard also to the separate estate of the wife . . ."

In the present action the plaintiff in her complaint invoked both remedies. The allowance is made under the second. Thereupon, this question arises: Was the action pending when the court ruled on the motion for counsel fees for service theretofore rendered in the cause? We so hold.

An action is deemed to be pending from the time it is commenced until its final determination. 1 Am. Jur., 455, Actions, sec. 64. See *Pettigrew v. McCoin,* 165 N. C., 472, 81 S. E., 701, 52 L. R. A. (N. S.), 79; also *Barber v. Barber,* 216 N. C., 232, 4 S. E. (2d), 447.

In this State a civil action is commenced by the issuance of a summons. C. S., 475. The final determination is by judgment. C. S., 592. While a plaintiff, in cases where nothing more than costs can be recovered against him, may elect to be nonsuited, the nonsuit must be effected by a judgment of the clerk of Superior Court (C. S., 593) or by the judge at term. McIntosh, N. C. P. & P., 703; *Bynum v. Powe,* 97 N. C., 374, 2 S. E., 170; *Oil Co. v. Shore,* 171 N. C., 51, 87 S. E., 938; *Caldwell v. Caldwell,* 189 N. C., 805, 138 S. E., 329.

In the present case the court makes specific finding that the judgment was presented after the hearing of attorneys' petition and after the court had announced its decision. Hence, applying the above principle, the action was pending at the time the allowance of counsel fees was made.

It is contended, however, by defendant that the "certificate and affidavit" of plaintiff filed in the cause on 1 April, 1941, had as of that date the effect of a nonsuit by plaintiff. In this connection, if it be conceded that plaintiff could so nonsuit her case, the finding of fact is that this "certificate and affidavit," prepared by the attorney for defend-

ant, was filed in this cause as an affidavit in support of defendant's resistance to judgment allowing counsel fees against him. This finding of fact, coupled with the further finding that the judgment of nonsuit was presented to the court after the hearing on the attorneys' petition and after the court had announced its holding, negatives any suggestion that the "certificate and affidavit" were presented to the court in behalf of plaintiff as motion for judgment of nonsuit—particularly in view of the absence of a finding that it was so presented.

Furthermore, when this case came on for hearing, after notice to defendant, plaintiff's complaint, in which a cause of action within the meaning of the provisions of C. S., 1667, is alleged against defendant and in which allowance of counsel fees *pendente lite* is prayed, was a part of the record. Hence, the petition of the attorneys was no more than a motion to have the court act upon the prayer as made by plaintiff in that respect at the time she instituted the action.

On the other hand, it is contended that in the "certificate and affidavit" of plaintiff she had withdrawn her complaint. This she could not do without the order of court, which the record fails to show she obtained. A pleading, when filed, passes beyond the control of the pleader and becomes a part of the record in the case. Thereafter the subject of its withdrawal, as a general rule, is a question addressed to the reasonable discretion of the court. 31 R. C. L., 593.

In the light of what has been said above, the question as to the right of attorneys to continue a separate maintenance action against the wishes of their client for the sole purpose of having fees allowed them against the husband under C. S., 1667, does not arise.

The judgment below is
Affirmed.