EMMA D. CUNNINGHAM v. WILLIAM JAMES CUNNINGHAM.

(Filed 7 June, 1951.)

**Divorce § 14—**

·Where plaintiff states the existence of a cause for divorce on the ground of adultery, G.S. 50-5 (1), she may maintain her action for alimony without divorce without waiting until she could institute an action for absolute divorce on that ground, and it is not required that she file the affidavit provided in G.S. 50-8. G.S. 50-16.

APPEAL by defendant from *Clement, Resident Judge,* in Chambers, 10 March, 1951, of FORSYTH.

Civil action for alimony without divorce and for counsel fees to enable plaintiff to prosecute cause of action against defendant, her husband.

Plaintiff alleges in her complaint substantially these facts: That she and defendant, both residents of Forsyth County, North Carolina, were married to each other on 29 December, 1920, and lived together as husband and wife for many years; that in the year 1941 defendant left plaintiff and moved to the city of Washington, District of Columbia, where he was employed for a number of years, and where he established, without the knowledge of plaintiff, a clandestine relationship with a woman, and lived with her, as plaintiff is informed and believes, as husband and wife, having two children by her; that during the said time defendant also established a similar relationship with a woman from Reidsville, N. C., who bore him one child; that in the Fall of 1950, defendant, having been transferred to Salisbury, N. C., by his employer, returned to Winston-

Salem to live and moved into the home which plaintiff has kept all during his absence; that in January, 1951, plaintiff, receiving information concerning the unfaithfulness of defendant and his clandestine relationship with the above mentioned women, which conduct on his part rendered plaintiff's condition intolerable, and life burdensome, separated herself from defendant and has lived separate and apart from him since said date; that during the absence of defendant plaintiff took care of and protected the home in Winston-Salem, etc.; "that on account of the misconduct of the defendant, it became necessary for this plaintiff to separate herself from him in order to be able under the law, to maintain a cause of action for absolute divorce; to have continued to live with him would have amounted to a condonation of his misconduct and would have prevented this plaintiff from asserting her legal right to a divorce"; that notwithstanding that defendant is an able-bodied man, and experienced builder, earning substantial salary, as detailed, he has neglected, failed and refused to support plaintiff and has not contributed anything to her support since 1947, etc.

Plaintiff thereupon prays judgment for alimony *pendente lite,* etc. The complaint is verified in form specified for ordinary civil action.

Defendant demurred *ore tenus* to complaint, on the grounds that it appears upon the face thereof that: "(1) The court has no jurisdiction of the person of defendant or of the subject of the action; (2) The complaint does not state facts sufficient to constitute a cause of action."

The cause coming on for hearing, after notice to defendant, before the Resident Judge of the 11th Judicial District, the court (1) considered and overruled the demurrer; and (2) found facts substantially in accordance with allegation of complaint, and thereupon, and in the exercise of sound discretion, ordered defendant to pay a specified sum monthly to plaintiff *pendente lite* for use and benefit of plaintiff, and a specified sum for attorneys' fees.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Johnson & Parrish for plaintiff, appellee.*
*W. Scott Buck for defendant, appellant.*

WINBORNE, J. If the husband be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board, his wife may institute an action, under the provisions of G.S. 50-16, in the Superior Court of the county in which the cause of action arose to have reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband.

Pending the trial and final determination of the issues involved in such action, and also after they are determined, if in her favor, such wife may

make application to the resident judge, or to the judge holding the Superior Courts of the district, for such subsistence and counsel fees, and it shall be lawful for such judge to cause the husband to pay or secure same. *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833; *Oldham v. Oldham,* 225 N.C. 476, 35 S.E. 2d 332; *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909; *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214.

In the light of these provisions, a reading of the complaint in the present action clearly reveals the purpose of the action to be for alimony without divorce under G.S. 50-16. The purpose is misunderstood, apparently, due to the fact that the relief asked by plaintiff is for "alimony *pendente lite.*" It is sought in truth pending this action, and in that sense it is *"pendente lite." McFetters v. McFetters, supra; Oldham v. Oldham, supra.* The pleader manifestly so intended.

The complaint alleges that defendant has committed adultery, and that it has not been condoned by plaintiff. Adultery is a cause for absolute divorce. G.S. 50-5 (1).

In actions brought under G.S. 50-16 the wife is not required to file the affidavit provided in G.S. 50-8. The verification of the complaint shall be the same as prescribed in the case of ordinary civil actions. See latter part of G.S. 50-16.

Hence, we hold that the complaint states a cause of action for alimony without divorce, and that the action is properly instituted. Plaintiff is not required to wait until she can maintain an action for divorce on ground of adultery. G.S. 50-16.

Moreover, in *Oldham v. Oldham, supra, Denny, J.,* speaking of provision of G.S. 50-16, had this to say: "The amounts allowed to a plaintiff for subsistence *pendente lite* and for counsel fees are determined by the trial judge in his discretion and are not reviewable."

For reasons stated the demurrer of defendant was properly overruled. Affirmed.