LILLIE CASH HALL v. HARVEY A. HALL.

(Filed 6 May, 1959.)

**1. Marriage § 3—**

The failure of parties contracting a marriage to file the health certificate with the register of deeds as required by G.S. 51-14, does not invalidate the marriage, but only subjects the parties to the risk of the statutory penalty.

**2. Divorce and Alimony § 18—**

Findings of the court to the effect that the parties had been legally married, that defendant for the six months prior to the institution of the action had been an habitual drunkard and had wilfully failed to provide adequate support and maintenance for the plaintiff, and that defendant had wilfully abandoned plaintiff, *held* supported by competent evidence and sufficient predicate for the award of alimony *pendente lite.*

**3. Same—**

The findings of the court, upon the hearing of a motion for alimony *pendente lite,* are not binding upon the trial of the cause upon the merits and are not competent in evidence thereat.

**4. Same—**

The amounts allowed for subsistence *pendente lite* and counsel fees are determinable by the trial court in its discretion and are not reviewable in the absence of abuse of discretion.

APPEAL by defendant from *Hobgood, J.,* in Chambers at the Courthouse in Louisburg, North Carolina, 27 September 1958. From FRANK-LIN.

This is an action instituted on 22 August 1958 in the Superior Court of Franklin County, North Carolina, for divorce *a mensa et thoro.*

This cause came on for hearing on 30 August 1958 upon a motion for alimony and counsel fees *pendente lite,* after the defendant had been given due notice thereof as provided by law. Upon the call of the case it was continued to 13 September 1958 on motion of plaintiff to allow time in which to reply to the defendant's answer filed on said date. Upon the call of the case on 13 September 1958, the matter was continued to 20 September 1958 on motion of the defendant to allow

him time to file affidavits or further pleadings. On 20 September 1958, the plaintiff's attorney being present and the defendant and his attorney being present, the plaintiff, having offered the complaint as an affidavit, reply to the defendant's answer, and additional affidavits; and the defendant having offered his answer and affidavits, as they appear in the record, and the court having considered the pleadings and affidavits filed in the matter and having heard the arguments of counsel, took the case under advisement and found the following facts:

"That the plaintiff Lillie Cash Hall and the defendant Harvey A. Hall were lawfully married on the 7th day of July, 1957; that no children have been born of said marriage, but plaintiff became pregnant by defendant during the time she was living with him as husband and wife.

"2. That the plaintiff has insufficient funds or estate on which to subsist pending the trial of this action, or to pay counsel.

"3. That the plaintiff has been a resident of Franklin County, North Carolina, for more than six months next preceding the institution of this action."

The court further found as a fact "that the defendant for more than six months prior to the institution of this action has been an habitual drunkard, that the defendant has wilfully failed to provide adequate support and maintenance for the plaintiff, and that the defendant, without adequate cause or provocation on the part of the plaintiff, wilfully abandoned the plaintiff and left the residence occupied by himself and his family; and that the defendant is ablebodied, and presently employed as a weaver at the Burlington Mills Corporation at Franklinton, North Carolina, and is earning at least $51.02 per week."

The court allowed alimony *pendente lite* and counsel fees. Judgment was entered accordingly on 27 September 1958, and the defendant appeals, assigning error.

*Hubert H. Senter for plaintiff, appellee.*
*John F. Matthews for defendant, appellant.*

PER CURIAM. The findings of fact were sufficient to support the award of alimony *pendente lite* and counsel fees. Furthermore, in our opinion, the facts found were supported by competent evidence.

The contention of the defendant that the alleged marriage between the plaintiff and the defendant is null and void because of their failure to file a health certificate with the Register of Deeds of Franklin County, as required by G.S. 51-14, is without merit. Failure to file a

health certificate as required by law does not invalidate an otherwise legal marriage; but such failure to comply with the statute in this respect, if true, does make the plaintiff and the defendant herein subject to indictment, and, if convicted, to the infliction of the penalty or penalties provided for the violation of G.S. 51-14.

The findings of the court below are not binding on the parties nor receivable in evidence in the trial of the case on its merits. *Bumgarner v. Bumgarner,* 231 N.C. 600, 58 S.E. 2d 360; *Barwick v. Barwick,* 228 N.C. 109, 44 S.E. 2d 597.

Moreover, the amounts allowed to a plaintiff for subsistence *pendente lite* and for counsel fees are determined by the trial judge in his discretion and are not reviewable on appeal unless there has been an abuse of discretion. *Cunningham v. Cunningham,* 234 N.C. 1, 65 S.E. 2d 375; *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. No abuse of discretion is made to appear.

The order of the court below allowing alimony *pendente lite* and awarding counsel fees will be upheld.

Affirmed.