### HELEN T. WADE v. H. J. WADE.

(Filed 6 April, 1960.)

**1. Husband and Wife § 10—**
   An unsigned deed of separation has no legal effect.

**2. Pleadings § 34—**
   Allegations and an exhibit which the pleader could not support by or offer in evidence at the trial should be stricken on motion.

**3. Divorce and Alimony § 18—**
   The allowance of alimony *pendente lite* rests in the discretion of the trial court and his order will not be disturbed in the absence of some error of law.

CERTIORARI to review two orders of *Frizzelle, J.,* refusing to strike parts of the complaint and awarding alimony *pendente lite.*

This civil action was instituted by the plaintiff for alimony without divorce, for allowance *pendente lite,* and for counsel fees. In paragraph 10 of her complaint she alleged the defendant agreed to execute a deed of separation "and cause the same to be reduced to writing, . . . the said defendant wrongfully failed and refused to execute the same." A copy of the unexecuted instrument was attached to and made a part of paragraph 10. Before answer, the defendant moved to strike paragraph 10, the attached exhibit, and all reference to the exhibit made in paragraph 11 of the complaint. On December 4, 1959, Judge Frizzelle made an order denying the motion. On December 14, 1959, Judge Frizzelle entered an order providing for alimony payments *pendente lite.* Our writ to the Superior Court of Lenoir County brought both orders here for review.

*Jones, Reed & Griffin for plaintiff, appellee.*
*White & Aycock, C. E. Gerrans for defendant, appellant.*

HIGGINS, J.  From the allegations of the complaint it appears that during negotiations for a settlement prior to the institution of the suit the defendant had a deed of separation prepared. Both parties admit it was never signed by either. Therefore, it has remained a blank paper without legal effect. In the case of *Pearce v. Pearce,* 226 N.C. 307, 37 S.E. 2d 904, this Court had before it a deed of separation which had been signed, though "not executed in the manner required by G.S. 52-12 and 52-13." This Court said: "It must be noted at the threshold of this case that the asserted written agreement of separation is void *ab initio.*" (citing authority) "In law it does not exist."

The plaintiff on the trial could not offer the writing in evidence. The motion to strike should have been allowed. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. The motion to strike other parts of the complaint was properly denied. The order is modified by striking paragraph 10 (including Exhibit A) and all reference to the exhibit contained in paragraph 11. Otherwise, the order of December 4, 1959, is approved.

The order of December 14, 1959, providing for payments of alimony pending further hearing, related to matters within the sound discretion of the trial court, in which no error of law appears. *Hall v. Hall,* 250 N.C. 275, 108 S.E. 2d 487; *Cunningham v. Cunningham,* 234 N.C. 1, 65 S.E. 2d 375.

Modified and affirmed.