MILDRED T. WEST v. MARTIN H. WEST.

(Filed 16 June, 1930.)

1. **Contempt A b—Violation of order to pay money for support of son must be wilfull to constitute contempt.**

It is required by the express terms of the statute that in order to punish one as in contempt of court, C. S., 978, subsection 4, that he should have wilfully disobeyed a process or order lawfully issued by a court, and where the husband, in proceedings against him for contempt for disobeying an order to pay moneys for the support of his child, shows by the uncontradicted testimony of himself and witness that he had no property nor income except what he could earn, and that he had been unable to obtain employment and was therefore unable to comply with the terms of the order, the evidence fails to show that the disobedience was wilful, and he may not be adjudged in contempt of court and a sentence imposed upon him.

**2. Contempt A a—Statute defining contempt should be strictly construed.**

C. S., 978, defining contempt of court for which a defendant may be punished should be strictly construed as a criminal statute.

**3. Contempt B b—Court should find fact concerning purpose of contemnor sufficient to support his judgment.**

Upon imposing a sentence for contempt of court the judge should find the fact concerning the purpose and object of the contemnor sufficient to support his judgment.

APPEAL by defendant, Martin H. West, from *MacRae, Special Judge,* 20 February, 1930. From BUNCOMBE. Reversed.

The plaintiff and defendant were married on 22 May, 1920, and lived together as man and wife until 8 July, 1928. They had one son, Martin H. West, Jr., born 17 May, 1921. The plaintiff obtained a divorce absolute against the defendant, and he has married again.

A judgment was rendered by Finley, J., to which the defendant made no exception, as follows: It is "ordered, adjudged and decreed by the court that the defendant pay to the plaintiff for the maintenance and support of said minor, Martin H. West, Jr., the sum of $25 per month, the first payment to be made on 15 December, 1929, and $25 to be paid on the 15th of each month thereafter, said payments to be made to the clerk of the Superior Court for Buncombe County, North Carolina."

The plaintiff made an affidavit in the cause and, among other things, is the following: "That, this affiant has complied with the provisions of the judgment on her part in all respects, but that the defendant, Martin H. West, has failed and refused, and continues to fail and refuse to pay any sum whatever for the maintenance of Martin H. West, Jr., and has not to this date paid one cent for such support. Wherefore, affiant prays the court that notice issue to Martin H. West to show cause at a time and place, to be fixed by the court, if any he has, why he should not be attached for contempt of court."

The cause came on for hearing before Judge C. F. MacRae, judge presiding. The plaintiff introduced no evidence. The defendant testified, in part: "There was born to us one son, Martin H. West, Jr., on 17 May, 1921; he is at the present time living on Arlington Street, with Mildred West, but spends every other week with me. I have tried to locate a position or a job for the past eighteen months, without success; I have tried many places for work, but have not been able to find any with the exception of approximately six weeks that I worked at the sheriff's office. I have written to foreign corporations in order to get a position as a salesman, and I have been to many local places in Asheville; I have not been able to comply with Judge Finley's order to pay $25 a month toward the support of my son, Martin H. West, Jr.; the

reason that I have not been able to pay it is because I have not had work; I do not own any property, and have no income whatever."

On cross-examination he stated that his wife obtained an absolute divorce; that he married again on 30 November, 1929, and is living with his wife, who is a nurse and she works when she can get employment, but at present the demand for nursing is quiet and she is getting very little to do. He is 29 years of age and in good health and suffering from no physical disability. At May Term, 1922, of the Superior Court of Buncombe County he was ordered to pay $40 a month for the support of his wife and child; that he was cited for failure to comply with the former judgment. He further testified: "I don't see why I should have been required to support my wife prior to the divorce, since she left me and took the child with her. I have paid nothing since Judge Finley's order."

S. D. West, the father of defendant, testified: "Martin H. West is my son; he lives with me at 157 Patton Avenue; he has lived with me there for a number of years, with the exception of the time he and his wife lived together; he is not employed at this time; he has tried many places to my knowledge to get employment; he does not own any property and has no income. I don't think he has worked at a regular position, with the exception of the time that he was at the sheriff's office for about six weeks, for the past eighteen months. I am out of employment at this time. I have been for the last sixteen years employed at the weight department of the Southern Railway, but, due to lack of work and poor business, I have been cut off. I have no other income but my salary. I do not own any property, and have no way to help him, and cannot give him the money to pay to his son. I am willing to take the boy, take care of him, and provide support for him, send him to school, and provide a home for him until Martin is able to get a position; that is all I can do."

The judgment of the court below, in part, is as follows: "Upon hearing the evidence the court finds as a fact that the defendant, Martin H. West, has contemptuously failed and refused to comply with the order of the court in that, he has failed to pay the amount adjudged for him to pay as above set out, or any part thereof; that he has shown to the court no lawful reason or excuse why he could not or did not pay said amounts. It is, therefore, ordered and adjudged by the court that the defendant, Martin H. West, has contemptuously violated the judgments of this court and is, therefore, in contempt of court; and it is further ordered that he be confined in the common jail of Buncombe County, and to remain there until he complies with the judgment of the court or is otherwise discharged by law. This, 20 February, 1930. C. F. MacRae, judge presiding."

Defendant excepted to the judgment of the court below, assigned error and appealed to the Supreme Court.

*J. Y. Jordan, Jr., and G. Lyle Jones for plaintiff.*
*W. A. Sullivan for defendant.*

CLARKSON, J. The question involved: Should the order adjudging defendant in contempt of court have been signed over the objection of defendant from the record as appears in the case? We think not.

Chapter 17, Consolidated Statutes, under "Contempt," the pertinent provision to the present controversy, is C. S., 978: "Any person guilty of any of the following acts may be punished for contempt: (4) Wilful disobedience of any process or order lawfully issued by any court." It will be noted that to punish for contempt in a matter of this kind, there must be *wilful disobedience.* We think the decision hinges on the meaning of *wilful disobedience.*

In *S. v. Whitener,* 93 N. C., at p. 592, speaking to the subject: "The word wilful, used in a statute creating a criminal offense, means something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it, without authority—careless whether he has the right or not—in violation of law, and it is this which makes the criminal intent, without which one cannot be brought within the meaning of a criminal statute."

In *S. v. Banks,* 143 N. C., 657, we find: "The word 'wilful,' when used in a statute creating an offense, implies the doing of the act purposely and deliberately in violation of law." In *S. v. Faulkner,* 182 N. C., p. 798, it is said: "The term *unlawfully* implies that an act is done, or not done, as the law allows, or requires; while the term *wilfully* implies that the act is done knowingly and of stubborn purpose."

In *Truelove v. Parker,* 191 N. C., at p. 438, it is written: "By the terms of the statute it is necessary that such abandonment be wilful—that is, accomplished purposely and deliberately in violation of law." *S. v. Morgan,* 136 N. C., 630; *Brittain v. R. R.,* 167 N. C., 642.

The evidence we doubt sufficient to show that defendant's noncompliance with the rule was wilful, as that word has been frequently defined by the decisions of this Court. As a contemnor is liable to be imprisoned the rule that a criminal statute should be strictly construed is applicable.

*In re Odum,* 133 N. C., at p. 251-2, it is said: "The facts should have been found and filed in the proceedings, especially that fact concerning the purpose and object of the contemnor, and the judgment should have been founded on those findings." We do not think the court below found facts sufficient to base the judgment on. For the reasons given, the judgment is

Reversed.