## LOUISE CARPENTER LITTLE v. GAITHER LITTLE.

(Filed 14 December, 1932.)

**Divorce E d—Judgment holding defendant in contempt for failing to obey order to pay alimony under C. S., 1667, is upheld in this case.**

Where upon a hearing upon a rule directing the defendant to show cause why he should not be held in contempt for disobedience of the court's order for him to pay certain weekly sums to his wife under C. S., 1667, the court finds that the defendant's refusal to obey the order was wilful, with utter contempt, and characterized by an absence of any effort by the defendant to obey the order, judgment that the defendant was in contempt and that he be imprisoned will be upheld on appeal, it being manifest that the defendant was financially able to comply with the order.

APPEAL by defendant from an order of *Warlick, J.,* made at Chambers in CATAWBA County on 30 April, 1932.

The cause was heard upon a rule directing the defendant to appear and show cause why he should not be held in contempt for disobedience of the court's order requiring him to pay to the plaintiff a stated sum each week for her support, doctor's bills, and fees for counsel, under C. S., 1667.

The plaintiff and the defendant are married to each other but are living in a state of separation through the fault of the defendant. At the hearing the court in substance found as a fact that the defendant was able to comply with the order and that "wilfully, with utter contempt," he had failed and refused to do so, or to make any effort to do so; also, that the plaintiff was not able to work, and had no means out of which to support herself or to provide for the birth of her child, of whom the defendant is the father. The court thereupon adjudged that the defendant was in contempt and that he be imprisoned. The defendant excepted and appealed.

*John C. Stroupe and Theodore F. Cummings for plaintiff.*
*J. L. Murphy and L. A. Whitener for defendant.*

PER CURIAM. It is manifest from the findings of fact that the defendant is financially able to comply with the order of the court. The case of *West v. West,* 199 N. C., 12, is therefore not in point. The court found, moreover, that the defendant's refusal to obey the order was wilful, "with utter contempt," and characterized by an absence of any effort to respect the court's direction. He alone is responsible for the consequences of his contemptuous conduct. Judgment
Affirmed.