MRS. ANNIE P. HOWELL v. C. S. HOWELL.

(Filed 20 June, 1934.)

**Divorce E c—Decree of absolute divorce on ground of separation held not to affect prior order for alimony without divorce.**

> In the wife's suit against her husband for alimony without divorce under C. S., 1667, an order was entered granting her a stipulated sum monthly. Later the order was modified by a reduction in the amount of the monthly payments, to continue until further order of the court, from which order neither party appealed. Thereafter the husband obtained a decree for absolute divorce upon the grounds of two years separation in a suit instituted in another county, which decree of absolute divorce specifically provided that it was entered without prejudice to the wife's pending action for alimony without divorce. *Held,* the decree for absolute divorce did not affect the order for alimony entered in the wife's action, N. C. Code, 1663, expressly providing that a decree for absolute divorce on the ground of ten years separation should not destroy the wife's right to alimony, and the act of 1933, N. C. Code, 1659(a), permitting divorce after two year's separation being construed in *pari materia* with sec. 1663.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Grady, J.,* at February Term, 1934, of WAKE. Affirmed.

The findings of fact and the judgment of the court below is as follows: "This cause coming on for hearing upon motion by the plaintiff, that the defendant be attached for contempt for failing to obey certain orders and decrees heretofore entered in this cause, in that he had failed to pay to the plaintiff moneys ordered paid under a decree of Judge N. A. Sinclair rendered on 24 December, 1932. The defendant denied that he was liable to the plaintiff in any sum whatever because of the fact that heretofore, and since the rendition of said judgment

by Judge Sinclair, he has been divorced from his wife, all of which will hereinafter appear. The court finds the following facts: On 3 February, 1930, Judge F. A. Daniels entered an order in this action reciting that: 'It is, therefore, by consent, ordered that the said C. S. Howell pay to the plaintiff the sum of $50.00 as counsel fees and $75.00 per month, beginning on 12 February, 1930, until the further order of the court,' which judgment is made a part of this finding of facts. On 24 December, 1932, upon motion of the defendant for a modification of said order, the payments of $75.00 per month were reduced to $50.00 per month, beginning with the month of December, 1932, and to continue until the further order of the court, which order was signed by Judge N. A. Sinclair, presiding in Wake County, to which there was no appeal and no exception entered.

"At the July-August Term, 1933, of the Superior Court of Chatham County, in an action entitled: Chas. S. Howell against Pearl D. Howell, being the identical parties to this action, the same being an action for divorce brought by the present defendant against the present plaintiff on the ground of two years separation, in which an answer was filed by Mrs. Howell, the present plaintiff, admitting that the parties had lived separate and apart since 14 October, 1929, but further alleging that Chas. S. Howell was responsible for and the cause of said separation, and referring to the action in the Superior Court of Wake County and to the orders and decrees entered in said action. Upon issues submitted upon the pleadings, judgment was rendered as follows: 'This cause coming on to be heard before his Honor, Frank A. Daniels, judge presiding, and a jury, and the following issues having been submitted to the jury: (1) Has the plaintiff been a resident of Chatham County for more than six months and a resident of North Carolina for more than one year prior to the date of the commencement of this action? Answer: Yes. (2) Was the plaintiff married to the defendant, as alleged in the complaint? Answer: Yes. (3) Has the plaintiff and the defendant been living separate and apart for more than two years prior to the date of the institution of this action, continuously? Answer: Yes. And the jury having answered each of the three issues, Yes; it is now, therefore, upon motion of the plaintiff, considered, ordered, adjudged and decreed that the plaintiff, Charlie S. Howell, be, and he is hereby granted an absolute divorce from the defendant, and the bonds of defendant are hereby dissolved; however, this judgment is entered without prejudice to the action pending in the Superior Court of Wake County, North Carolina, entitled: "Mrs. Pearl D. Howell *v.* C. S. Howell," and all orders heretofore made in said action pending in the Superior Court of Wake County shall not be affected by this judgment.                    FRANK A. DANIELS, *Judge Presiding.*"

22—206

"It will be observed that in said judgment it is provided that the same is entered without prejudice to the action pending in the Superior Court of Wake County, North Carolina, entitled: 'Mrs. Pearl D. Howell against C. S. Howell,' and all orders heretofore made in said action pending in the Superior Court of Wake County shall not be affected by this judgment. The complaint, answer, issues, and judgment in said action prosecuted in Chatham County by Charles S. Howell against his wife, Pearl D. Howell, are made a part of these findings of fact and it is ordered that copies of the same be made a part of the record and case on appeal. Upon the foregoing findings of fact, the court is of the opinion that the orders entered in this cause in the Superior Court of Wake County have not been disturbed by the action in Chatham County but are still in full force and effect, and it is, therefore, ordered that the defendant pay to the plaintiff the amounts of money which he is now due and owing to her under and by virtue of the order of Judge N. A. Sinclair, and that in default of payment of the same he be arrested and committed to jail until he has complied with this order. Done in open court at Raleigh after argument of counsel for the plaintiff and the defendant, this 2 February, 1934.

HENRY A. GRADY, *Judge Presiding.*"

The defendant excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*R. L. McMillan for plaintiff.*
*J. S. Griffin for defendant.*

CLARKSON, J. The question involved: Does the decree of absolute divorce in C. S. Howell's action in Chatham County upon the ground of two years separation impair or destroy Mrs. Howell's right to receive alimony under a judgment and decree in Mrs. Howell's action in Wake County rendered before the commencement of the proceeding for absolute divorce on the grounds of separation, the divorce decree reciting that it does not? We think not.

N. C. Code, 1931 (Michie), sec. 1663, is as follows: "After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine, and either party may marry again unless otherwise provided by law: *Provided,* that no judgment of divorce shall render illegitimate any children *in esse,* or begotten of the body of the wife during coverture; and, *Provided further, that a decree of absolute divorce upon the ground of separation for ten successive years as provided in section 1659 shall not impair or destroy the*

HOWELL *v.* HOWELL.

*right of the wife to receive alimony under any judgment or decree of the court rendered before the commencement of the proceeding for absolute divorce."* (Italics ours.)

1933 Supplement to the North Carolina Code of 1931 (Michie), section 1659(a), is as follows: "Divorce after separation of two years on application of either party.—Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband and wife, either under deed of separation or otherwise, and they have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of one year. This section shall be in addition to other acts and not construed as repealing other laws on the subject of divorces. 1931, chapter 72, 1933, chapter 163."

We think that section 1659(a), *supra,* automatically reduces the time from ten to two years, in section 1663, *supra,* the two are cognate statutes dealing with similar questions and are to be construed *in pari materia.* In the present case, the judgment on 3 February, 1930, by Judge Daniels recites "by consent" and "until the further order of the court." This was modified by Judge Sinclair on 24 December, 1932. The judgment in the Chatham County action of the defendant against plaintiff, granting him a divorce on the ground of separation, before Judge Daniels, July-August Term, 1933, distinctly says: "This judgment is entered without prejudice to the action pending in the Superior Court of Wake County, North Carolina, entitled: 'Mrs. Pearl. D. Howell *v.* C. S. Howell,' and all orders heretofore made in said action pending in the Superior Court of Wake County shall not be affected by this judgment."

It will be noted that plaintiff did not except to the reduction of the monthly allowance in the judgment signed by Judge Sinclair in the present case. The judgment in the present action of Judge Sinclair, remains in full force and effect. *Lentz v. Lentz,* 193 N. C., 742; *Kizer v. Kizer,* 203 N. C., 428; *Walker v. Walker,* 204 N. C., 210; *Smithdeal v. Smithdeal, ante,* 397. For the reasons given, the judgment of the court below is

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.