## ANNIE LEE BERRY v. EARL BERRY.

(Filed 22 March, 1939.)

**Contempt of Court § 5: Divorce § 14—Record and findings held insufficient to support judgment for contempt for willful disobedience of court order.**

Upon the hearing of this order to show cause why defendant should not be attached for contempt for failure to pay alimony and counsel fees as required by the prior judgment, defendant pleaded his inability to pay. The court found defendant had earned $140.00 since the original order, and adjudged defendant to be in contempt.   *Held:* Since the judgment for contempt was not dated and fails to show the length of time during which defendant earned the sum stated, and fails to find any facts on the defendant's plea of disavowal, the record and findings are insufficient to support a judgment for contempt for "willful disobedience" of a court order.   C. S., 978.   Whether the matter was properly before the resident judge "at chambers" is not decided.   C. S., 986.

APPEAL by defendant from *Bivens, J.,* at Chambers, 10 December, 1938.   From SURRY.

Motion in the cause to attach defendant for contempt in failing to pay alimony and counsel fees as ordered.

At the September Term, 1938, Surry Superior Court, an order was entered in this cause requiring the defendant to pay to the plaintiff the sum of $20.00 per month, commencing 15 October, 1938, as alimony, and $25.00 on attorney's fees.

Thereafter, application was made to the resident judge of the district, at chambers, for an order requiring the defendant to show cause why he should not be attached for contempt in failing to comply with said order.

Upon the hearing before the resident judge, at chambers, the defendant undertook to purge himself of any contempt, and pleaded his inability to pay.   However, "the court finds as a fact that the defendant has no real or personal property, but that he has earned the sum of $140.00 since the original order was signed and that he has not paid to his wife, the plaintiff in this cause, any sum whatsoever and has failed to comply with the judgment of Judge Clement."

Whereupon, the defendant was adjudged to be in contempt, and it was ordered "that he be confined in the common jail of Surry County until he complies with said judgment."

From this ruling, which bears no date, the defendant appeals, assigning errors.

*No counsel appearing for plaintiff.*
*Barker & Hampton for defendant.*

STACY, C. J. It does not appear within what time "the defendant has earned $140.00 since the original order was signed," as the judgment bears no date, and there is no finding on the defendant's plea of disavowal. *In re Odum,* 133 N. C., 250, 45 S. E., 569. Hence, under authority of *Vaughan v. Vaughan,* 213 N. C., 189, 195 S. E., 351, it would seem that the record is wanting in sufficiency to support a judgment for contempt or "willful disobedience" of the court's order. C. S., 978; *West v. West,* 199 N. C., 12, 153 S. E., 600; *S. v. Clark,* 207 N. C., 657, 178 S. E., 119.

The case is unlike *Dyer v. Dyer,* 213 N. C., 634, 197 S. E., 157, or *Pain v. Pain,* 80 N. C., 322.

Whether the matter was properly before the resident judge "at chambers" is not decided. C. S., 986; *In re Brown,* 168 N. C., 417, 84 S. E., 690; *May v. Ins. Co.,* 172 N. C., 795, 90 S. E., 890.

Error and remanded.