MRS. JOSIE M. SMITHWICK v. JAMES E. SMITHWICK.

(Filed 20 November, 1940.)

1. **Contempt of Court § 2b: Divorce § 14—Court must find facts supporting its conclusion that disobedience of court order was willful.**

In contempt proceedings for willful failure to comply with an order of court, it is required that the court find facts supporting the conclusion of willfulness, and findings of fact that defendant had been ordered to pay, under the provisions of C. S., 1667, a certain sum monthly for the necessary subsistence of his wife and child, and that defendant had failed to comply with the order, without findings as to the property possessed by defendant or his earning capacity, will not support a judgment attaching defendant for contempt.

2. **Same—**

The mere fact that a defendant ordered to pay a certain sum monthly for the necessary subsistence of his wife and child has a right to move at any time for modification of the order does not support the conclusion that defendant's failure to comply with the order is willful.

APPEAL by the defendant from *Sink, J.,* at June Term, 1940, of MECKLENBURG.

*Helms & Mulliss for plaintiff, appellee.*
*E. S. Peel and H. S. Ward for defendant, appellant.*

SCHENCK, J. This is an appeal by the defendant from a judgment attaching him for contempt and ordering his imprisonment for failure to comply with an order directing him to pay a sum certain for the necessary subsistence of the plaintiff, his wife, and of their child, entered under the provisions of C. S., 1667.

The record discloses that the plaintiff and defendant were married in 1934, that their child was born in 1935, that he abandoned her in 1936; that in 1938, Armstrong, J., upon motion of the plaintiff, after notice to the defendant, entered an order that the defendant pay to the plaintiff the sum of $50.00 per month for the necessary subsistence of herself and child, and that the defendant complied with said order until November, 1939, and since that time has paid only the sum of $25.00 per month to the plaintiff; and that in May, 1940, upon motion of plaintiff, Sink, J., ordered the defendant to appear and show cause, if any he had, why he should not be attached for contempt for failure to comply with the order of Armstrong, J., and the defendant in obedience to the last mentioned order appeared and filed reply admitting his failure to comply with said order, but alleging that "his failure to pay was not willful but

was and is due to the fact that he is without funds to pay the same and that it is impossible for him to pay."

Meanwhile, that is subsequent to the order of Armstrong, J., and prior to the judgment of Sink, J., herein appealed from, the defendant obtained in Martin County a judgment of divorce from the plaintiff which contained the following clause: "It is further ordered, adjudged and decreed by and with the consent of all the parties hereto that this judgment or decree shall in nowise affect the judgment rendered in a civil action instituted in the Superior Court of Mecklenburg County, North Carolina, entitled 'Josie M. Smithwick *v.* James E. Smithwick,' and this action and judgment shall in nowise affect the findings and the order entered in said cause, nor the rights of the parties as determined in said cause."

This cause came on for hearing at the June Term, 1940, of Mecklenburg before Sink, J., upon the motion by the plaintiff for an order attaching the defendant for contempt in failing to comply with the order of Armstrong, J., and the reply thereto filed by the defendant. It appears from the record that the court considered the affidavits and evidence of the plaintiff in her application for an order before Armstrong, J., in 1938, and affidavits of the defendant made in 1940, which latter affidavits tended to show that the defendant was without funds and unable to earn sufficient funds to meet the requirements of the order of Armstrong, J. The court found that the defendant had failed to comply with the order of Armstrong, J., and that such failure was willful and contemptuous, and adjudged that the defendant be committed to prison until he had complied with said order, or was otherwise discharged by law. To this judgment the defendant preserved exception and appealed.

We are of the opinion that the exception preserved by the defendant is well taken, and, therefore, must be sustained.

The only facts found by the court are that the order directing the payment of funds for subsistence of the plaintiff and her child was made, and that the defendant has failed to comply therewith, from which the court concludes that such failure was willful and contemptuous. The two facts found do not support the conclusion made. Since the defendant in his reply alleges that his noncompliance was due to his being without funds and his inability to obtain funds, it became necessary before concluding that such noncompliance was willful and contemptuous for the court to find the facts upon which such conclusion was founded, such as the funds of which the defendant was possessed and his earning capacity, *Vaughan v. Vaughan,* 213 N. C., 189. The mere right of the defendant, as stated in the judgment, to move at any time to have the order directing the payment modified does not sustain the conclusion that his failure to comply was willful and contemptuous.

"In contempt proceedings the facts upon which the contempt is based must be found and filed, especially the facts concerning the purpose and object of the contemnor, and the judgment must be founded on these findings." *In re Hege,* 205 N. C., 625; *West v. West,* 199 N. C., 12.

There is no finding of fact by the court as to what property the defendant possesses or as to what his earning capacity is, nor is there any finding of fact from which it can be concluded that the defendant was able financially to comply with the order of Armstrong, J., and willfully refused so to do—the record is wanting in sufficiency to support a judgment for contempt or "willful disobedience" of the court order as is requisite under C. S., 978 (4). *Berry v. Berry,* 215 N. C., 339.

Error and remanded.