### BESS A. SIMMONS v. CLARENCE W. SIMMONS.

(Filed 12 January, 1944.)

1. **Divorce § 13—**

　　A judgment for subsistence, entered in an action for alimony without divorce, C. S., 1667, survives a judgment for absolute divorce obtained under the two year separation statute. C. S., 1663.

2. **Appeal and Error §§ 2, 4—**

　　In contempt proceedings by a wife against her husband for failure to make alimony payments, where there was a judgment for the wife and

the husband paid all amounts in arrears upon his arrest by the sheriff, no appeal lies.

APPEAL by defendant from *Phillips, J.,* at June Term, 1943, of FORSYTH.

Contempt proceeding to enforce judgment for subsistence.

The operative facts follow:

1. On 9 July, 1941, the plaintiff instituted this action for alimony without divorce or for subsistence and counsel fees under C. S., 1667. Complaint and notice of hearing for allowance were duly served with the summons. The defendant filed no answer.

2. The amounts having been agreed upon, judgment was submitted and signed 15 July, 1941, awarding alimony, counsel fees, and giving to the plaintiff, as her sole and separate property, certain household goods, etc. The judgment shows on its face that it was intended as a final settlement between the parties, and it was so regarded at the time. *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955. Nothing was left for future determination. *Inter alia,* it recites: "This judgment shall remain in full force and effect pending further orders of the court and its binding effect upon the defendant shall not be impaired by any judgment of absolute divorce which may hereafter be entered in any suit instituted by the defendant against the plaintiff for an absolute divorce on the grounds of two years' separation."

3. Thereafter, on 13 March, 1942, the defendant instituted an action against the plaintiff for divorce on the ground of two years' separation, and obtained judgment thereon on 21 September, 1942.

4. The defendant continued to make payments of alimony under the judgment herein until 16 January, 1943, when he refused to make any further payments.

5. Contempt proceeding was instituted and at the June Term, 1943, Forsyth Superior Court, the defendant was adjudged in willful contempt and ordered confined in jail until he paid the alimony installments due under the judgment of 15 July, 1941.

6. When taken into custody by the sheriff, the defendant paid to the plaintiff all amounts in arrears, and was discharged. He was adjudged still liable for future installments under the judgment of 15 July, 1941.

The defendant appeals, assigning errors.

*Womble, Carlyle, Martin & Sandridge for plaintiff, appellee.*
*Fred S. Hutchins and H. Bryce Parker for defendant, appellant.*

STACY, C. J. The question sought to be presented is whether the judgment for subsistence entered herein on 15 July, 1941, can survive the

judgment of absolute divorce obtained by the defendant on 21 September, 1942, under the two-years' separation statute. C. S., 1663. The cases of *Dyer v. Dyer,* 212 N. C., 620, 194 S. E., 278; *S. c.,* 213 N. C., 634, 197 S. E., 157; *Edmundson v. Edmundson,* 222 N. C., 181, 22 S. E. (2d), 576; and *Howell v. Howell,* 206 N. C., 672, 174 S. E., 921, would seem to require an affirmative answer. The defendant's effort to differentiate these decisions because of alleged dissimilar fact situations was unsuccessful in the court below, and we are disposed to take the same view of the matter.

On the present record, however, it may be doubted whether the appeal can be maintained, since the contempt proceeding was brought to a close when the defendant paid all amounts in arrears, and the rule against him was discharged. Of course, the declaration that defendant would still be liable for future installments under the original judgment adds nothing to its effectiveness. It expresses an obvious conclusion or corollary, perhaps, albeit the only question before the court was the defendant's alleged willful refusal to pay the past-due installments. When these were paid the end sought by the contempt proceeding was reached.

Appeal dismissed.