LEOLA C. OLDHAM v. LACY T. OLDHAM.

(Filed 10 October, 1945.)

**1. Divorce §§ 13, 15—**

Two separate remedies are provided by G. S., 50-16, one for alimony without divorce, and second, for reasonable subsistence and counsel fees *pendente lite*. The amounts allowed are determined by the trial court in his discretion, and are not reviewable; either party, however, may apply for a modification at any time before the trial of the action. This power is constitutionally exercised without the intervention of a jury.

**2. Same—**

> There is no defense that limits the power of the trial court to award subsistence *pendente lite,* under G. S., 50-16, except the defense of adultery as specified in the statute, so that the reasonableness of a separation agreement need not be determined before the court can award temporary allowances.

APPEAL by defendant from *Williams, J.,* at Chambers, Sanford, N. C., 30 June, 1945. From LEE.

This is an action for alimony without divorce.

The defendant, in answering, pleads, in bar of the relief sought, among other things, a separation agreement entered into between the plaintiff and defendant 24 April, 1942, and duly recorded in the office of the Register of Deeds of Lee County, N. C., on 19 March, 1943.

Plaintiff applied for subsistence and counsel fees *pendente lite,* under G. S., 50-16. From an order making such allowance, the defendant appeals and assigns error.

*K. R. Hoyle for plaintiff.*
*M. G. Boyette for defendant.*

DENNY, J.   Defendant's sole exception is to the refusal of his Honor to dismiss the action and to the signing of the order allowing temporary subsistence and counsel fees to the plaintiff.

G. S., 50-16, provides for two separate remedies, one for alimony without divorce, and second, for reasonable subsistence and counsel fees *pendente lite. McFetters v. McFetters,* 219 N. C., 731, 14 S. E. (2d), 833.   The amounts allowed to a plaintiff for subsistence *pendente lite* and for counsel fees are determined by the trial judge in his discretion, and are not reviewable; either party, however, may apply for a modification of the order at any time before the trial of the action. *Tiedemann v. Tiedemann,* 204 N. C., 682, 169 S. E., 422.   We know of no defense that limits the power of a trial court to award subsistence *pendente lite,* under G. S., 50-16, except the defense specified in the statute. *Expressum facit cessare tactitum. Shore v. Shore,* 220 N. C., 802, 18 S. E. (2d), 353; *Allen v. Allen,* 180 N. C., 465, 105 S. E., 11.   The defense specified in the statute is: "That in all applications for alimony under this section it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony, and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony, or for her support, but only her reasonable counsel fees."   Therefore, in an action for alimony without divorce the validity or reasonableness of a separation

agreement need not be determined before the court can award temporary allowances. The statute expressly provides that such allowances may be made "pending the trial and final determination of the issues involved in such action." *Taylor v. Taylor,* 197 N. C., 197, 148 S. E., 171. See also *Barbee v. Barbee,* 187 N. C., 538, 122 S. E., 177, and *Peele v. Peele,* 216 N. C., 298, 4 S. E. (2d), 616. In the last cited case, *Seawell, J.,* in speaking for the Court, said: "To summarize, the allowances *pendente lite* form no part of the ultimate relief sought, do not affect the final rights of the parties, and the power of the judge to make them is constitutionally exercised without the intervention of the jury."

The judgment of the court below is

Affirmed.