RUBY H. BATEMAN v. THOMAS E. BATEMAN.

(Filed 21 March, 1951.)

1. **Divorce and Alimony § 14—**

    G.S. 50-16 provides two separate remedies: (1) alimony without divorce, and (2) subsistence and counsel fees *pendente lite.*

2. **Same—**

    An affirmative finding upon the issue as to whether defendant had offered such indignities to plaintiff's person as to render her condition intolerable and life burdensome will support judgment for alimony without divorce notwithstanding the negative findings of the jury upon the issues as to whether defendant had separated himself from plaintiff and failed to provide her subsistence, and had wrongfully abandoned her, and by cruel and barbarous treatment had endangered her life.

3. **Divorce and Alimony § 5d—**

   In an action for alimony with divorce under G.S. 50-16 it is incumbent upon plaintiff to allege and prove that the acts of misconduct complained of were without adequate provocation on her part, but allegations that plaintiff had been a dutiful wife and had tried to make a home for defendant and live with him in peace, with her testimony on the trial that she had done nothing to provoke defendant's mistreatment of her, *is held* sufficient for this purpose.

JOHNSON, J., took no part in the consideration or decision of this case.

PETITION by plaintiff to rehear the case reported in 232 N.C. 659, 61 S.E. 2d 909, where the facts are stated.

*Simms & Simms and John M. Simms for plaintiff, petitioner.*
*Bickett & Banks for defendant.*

DEVIN, J. The plaintiff's suit was under G.S. 50-16 and her prayer for relief was for reimbursement for necessary expenses incurred while she was living with the defendant as his wife, and for present subsistence and counsel fees. The statute provides two separate remedies, one for alimony without divorce, and second for subsistence and counsel fees. *Oldham v. Oldham,* 225 N.C. 476, 35 S.E. 2d 332; *McFetters v. Mc-Fetters,* 219 N.C. 731, 14 S.E. 2d 833. As grounds for relief under this statute the wife must allege and prove that the husband has been guilty of misconduct or acts that would constitute cause for divorce. The causes for divorce from bed and board are enumerated in G.S. 50-7, and among these, under section 4, the statute declares it a cause for divorce if either party "offers such indignities to the person of the other as to render his or her condition intolerable and life burdensome."

In the case at bar the plaintiff, in addition to other matters pleaded not now pertinent, has alleged, in substance, that because of the continuous mistreatment, physical violence and abuse of her by the defendant she has suffered many "indignities to her person," which she sets out in detail, and that such mistreatment and abuse has rendered her condition intolerable; and that defendant has offered such indignities to her person as to "render the plaintiff's condition intolerable and her life burdensome." On the trial the plaintiff offered evidence tending to support this allegation.

In the former opinion it was thought the issues as answered by the jury would not support the judgment. It appears from the record that issues were submitted to the jury (1) as to marriage, (2) as to whether the defendant had separated himself from the plaintiff and failed to provide subsistence, (3) was a drunkard, (4) had wrongfully abandoned the plaintiff, (5) had by cruel and barbarous treatment endangered her

life, and (6) "did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome."

The jury answered the first issue yes, and the 2nd, 3rd, 4th and 5th issues no, but answered the 6th issue yes. This finding alone, we think, was sufficient to support the judgment in favor of the plaintiff.

In addition to plaintiff's allegations of mistreatment and abuse to which the 6th issue was addressed, it was also incumbent upon the plaintiff to allege and to prove that the acts of misconduct complained of were without adequate provocation on her part. *Barker v. Barker,* 232 N.C. 495, 61 S.E. 2d 360; *Carnes v. Carnes,* 204 N.C. 636, 169 S.E. 222. Here, the plaintiff alleged that she had at all times been a dutiful wife to the defendant and had tried to make a home for him and to live with him in peace, and she testified in her examination on the trial that she had done nothing to provoke the treatment complained of. With reference to the 4th, 5th, 6th and 7th issues the court charged the jury that the burden was upon the plaintiff to show she was "free from fault, free from blame on these four issues." (The seventh issue was whether the defendant was an habitual drunkard).

Under these circumstances we do not think the jury's finding on the 6th issue, in view of the pleadings, evidence and charge of the court, was rendered ineffectual by the findings on the other issues.

For the reasons stated we reach the conclusion that the petition to rehear should be allowed and the judgment appealed from affirmed. It is so ordered.

Petition allowed.

JOHNSON, J., took no part in the consideration or decision of this case.