ANNIE GRACE YOW v. EARL R. YOW.

(Filed 9 November, 1955.)

**1. Divorce and Alimony §§ 12, 14—**

G.S. 50-16 provides two separate remedies, one for alimony without divorce, and the other for subsistence and counsel fees *pendente lite*, so that both temporary and permanent alimony may be awarded under the statute.

**2. Divorce and Alimony § 12—**

Under the provisions of G.S. 50-11, a decree for absolute divorce on the ground of two years' separation in the husband's action does not destroy the wife's right to receive subsistence *pendente lite* under prior orders rendered in her action for alimony without divorce theretofore instituted, since the word "alimony" used in the statute includes subsistence *pendente lite*. The amendment of the statute by Chapter 1313, Session Laws of 1953 and by Chapter 872, Session Laws of 1955, were not applicable in this case since they were enacted subsequent to the decree of absolute divorce.

**3. Same—**

Order for subsistence *pendente lite* was entered in the wife's action for alimony without divorce. While her action was pending, the husband obtained a decree for absolute divorce on the ground of two years' separation. *Held:* The wife will not be denied her rights to payments in arrears under the order for subsistence *pendente lite* on the ground that she had unreasonably delayed the trial of her action when it appears that defendant had never filed answer in her action, and there is no evidence of record that he had ever requested a final determination of her suit.

**4. Divorce and Alimony § 16—**

A finding that defendant possessed the means to comply with the orders for payments of subsistence *pendente lite* at some time during the period he was in default in such payments, is necessary to support the court's finding that the failure to make the payments was deliberate and wilful, and in the absence of such finding, the decree committing him to prison for contempt must be set aside.

**5. Appeal and Error § 29—**

Upon defendant's appeal from an order holding him in contempt for failure to pay subsistence and counsel fees ordered in the wife's action for alimony without divorce, the failure of specific assignment of error to the allowance of counsel fees and the failure to discuss same in the brief will be treated as an abandonment of attack on this part of the order.

**6. Divorce and Alimony § 12—**

The wife has a legal right to the allowance in proper cases of subsistence and counsel fees *pendente lite* in her action for alimony without divorce, G.S. 50-16, and while the action remains pending, the court, upon proper circumstances, has authority in its sound discretion to enter a second order allowing additional counsel fees. Such additional order is proper for counsel instituting proceeding to enforce the payment to the wife of subsistence *pendente lite* in arrears.

**7. Same—**

A final decree in the wife's action for alimony without divorce would terminate orders in the action for subsistence *pendente lite* but would not affect payments in arrears due thereunder.

**8. Divorce and Almony § 15—**

Pending the wife's action for alimony without divorce, the husband obtained decree of absolute divorce on the ground of two years' separation. *Held:* The final judgment in her action would be rendered after absolute divorce, and therefore she would not be entitled to permanent alimony in her action, since under the common law she would not be entitled to alimony after a divorce *a vinculo,* and the proviso of G.S. 50-11 would not be applicable.

BOBBITT, J., concurring in result.

BARNHILL, C. J., joins in concurring opinion.

APPEAL by defendant from *Hobgood, J.,* July Term 1955 of GRAN-VILLE.

Contempt proceeding in civil action for alimony without divorce under G.S. 50-16.

In July 1949 the plaintiff instituted an action in the Superior Court of Granville County under G.S. 50-16 for alimony without divorce. In August 1949 the Honorable John J. Burney, Presiding Judge of the District, after a hearing, entered an order that pending the trial of the action in the Superior Court the defendant pay to plaintiff subsistence for herself and their infant child and counsel fees. In March 1950 the Honorable W. C. Harris, Presiding Judge of the District, after a hearing, entered an order that the defendant without any satisfactory justification was in default in the payment of subsistence to his wife and child, as required by the .order of Judge Burney, and held him in contempt: he made a small modification of the former order. The defendant failed to comply with the order of Judge Harris, and was cited to appear before the Honorable Henry L. Stevens, Jr., Presiding Judge of the District, on 20 September 1950. Judge Stevens, after a hearing, found that the defendant had adjusted his arrears of payment for subsistence, and ordered that he continue his payments of subsistence *pendente lite,* as required by the order of Judge Burney, with a slight modification as to the amount. Since the order of Judge Stevens the defendant has paid to his wife for subsistence *pendente lite* the sum of $4,015.00, when he should have paid her under this order $4,981.50. The defendant is now in arrears under this order $966.50. The defendant never filed an answer in this action. No trial and final determination has been had.

The defendant instituted an action in Granville County on 9 August 1951 against the plaintiff for absolute divorce on the ground of two

Yow *v.* Yow.

years separation, as provided by G.S. 50-6. At the November Term 1951 of the Superior Court of Granville County a judgment was entered granting the defendant here an absolute divorce from the plaintiff here on the ground alleged in his complaint.

A citation was served upon the defendant to appear on 27 July 1955 before the Honorable Hamilton Hobgood, Presiding and also Resident Judge of the District, and show cause, if any he could, why he should not be attached for contempt for failing to pay subsistence to his wife as required by the order of Judge Burney, as modified by Judge Harris and Judge Stevens.

At the hearing upon this citation Judge Hobgood found that the defendant was in arrears in the amount of $966.50 in his payments of subsistence, as required by former orders of the court; that the defendant offered no evidence, but is relying upon his decree of absolute divorce as a defense; that the defendant's failure to make the payments of subsistence was deliberate and wilful, and that he is guilty of contempt; and that he is employed as manager of the Tip Top Grocery at Franklinton, North Carolina. Whereupon his Honor entered an order that the defendant be confined in the common jail of Granville County until he pays the arrears of $966.50 and counsel fees of $250.00 to plaintiff's lawyer allowed by Judge Hobgood in the hearing, or until he may be lawfully released.

To the judgment entered, the defendant excepted and appealed, assigning error.

*Royster & Royster for Plaintiff, Appellee.*
*Hubert H. Senter and Hill Yarborough for Defendant, Appellant.*

PARKER, J. This question is presented for decision: Does a decree of absolute divorce obtained by her former husband in 1951 under the two-year separation statute G.S. 50-6 annul the right of his former wife to receive subsistence *pendente lite* under orders rendered in her action for alimony without divorce, G.S. 50-16, before the commencement of the proceeding for absolute divorce: her action for alimony without divorce having been instituted in 1949, and never having been finally determined.

G.S. 50-16 provides two separate remedies: one for alimony without divorce, and two, for subsistence and counsel fees *pendente lite*. *Fogartie v. Fogartie*, 236 N.C. 188, 72 S.E. 2d 226; *Bateman v. Bateman*, 233 N.C. 357, 64 S.E. 2d 156; *Oldham v. Oldham*, 225 N.C. 476, 35 S.E. 2d 332; *McFetters v. McFetters*, 219 N.C. 731, 14 S.E. 2d 833.

Under G.S. 50-16 both temporary and permanent alimony may be awarded. *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118.

G.S. 50-11 provides "that a decree of absolute divorce upon the ground of separation for two successive years as provided in Sec. 50-5 or Sec. 50-6 shall not impair or destroy the right of the wife to receive alimony under any judgement or decree of the court rendered before the commencement of the proceedings for absolute divorce." The amendments to this statute by Session Laws 1953, Chapter 1313, and by Session Laws 1955, Chapter 872, are inapplicable, because enacted subsequent to the defendant's judgment for absolute divorce in 1951.

We have held that a judgment or decree of the court for permanent alimony rendered before the commencement of a proceeding for absolute divorce is not destroyed by a decree of absolute divorce upon the ground of separation for two successive years as provided in G.S. 50-5 or G.S. 50-6. *Rayfield v. Rayfield,* 242 N.C. 691, 89 S.E. 2d 399; *Deaton v. Deaton,* 237 N.C. 487, 75 S.E. 2d 398; *Simmons v. Simmons,* 223 N.C. 841, 28 S.E. 2d 489 ("the judgment shows on its face that it was intended as a final settlement between the parties, and it was so regarded at the time").

These were the facts in *Howell v. Howell,* 206 N.C. 672, 174 S.E. 921: Plaintiff instituted an action for alimony without divorce against her husband. On 3 February 1930 an order was entered in the action by Judge Daniels reciting: "It is, therefore, by consent, ordered that the said C. S. Howell pay to the plaintiff the sum of $50.00 as counsel fees and $75.00 per month, beginning on 12 February 1930, until the further order of the court." On 24 December 1932, upon motion of the defendant, the amount of monthly payments was reduced by Judge Sinclair to $50.00 per month, to continue until the further order of the court. In 1933 the defendant was granted an absolute divorce from the plaintiff in an action instituted by him in Chatham County on the ground of a two-year separation: the judgment reciting that it "is entered without prejudice to the action pending in the Superior Court of Wake County, North Carolina, entitled: 'Mrs. Pearl D. Howell *v.* C. S. Howell,' and all orders heretofore made in said action pending in the Superior Court of Wake County shall not be affected by this judgment." At the February Term 1934 of the Superior Court of Wake County the defendant was cited to appear before the Presiding Judge to show cause as to why he should not be attached for contempt in failing to pay his wife subsistence ordered paid by the order of 1930, as modified by the order of 1932. The defendant denied that he was liable to the plaintiff in any sum because of his decree of absolute divorce. It is to be noted that the order was to pay subsistence *pendente lite.* There had been no final determination of the action for alimony without divorce. The defendant was held in contempt, and this Court affirmed the order of the lower court holding the judgment for absolute divorce did not

destroy the order for temporary subsistence entered in the wife's action for alimony without divorce by virtue of N. C. Code, 1931, Sec. 1663 (Now G.S. 50-11), saying: "The judgment in the present action of Judge Sinclair remains in full force and effect." The opinion states the language of the divorce decree that it was entered without prejudice to the plaintiff's pending action for alimony without divorce, but the decision was based upon the language of N. C. Code, 1931, Sec. 1663, and not upon this language of the divorce decree.

In *Simmons v. Simmons, supra,* the wife was awarded permanent alimony in a suit for alimony without divorce, and the judgment recites: "This judgment shall remain in full force and effect pending further orders of the court and its binding effect upon the defendant shall not be impaired by any judgment of absolute divorce which may hereafter be entered in any suit instituted by the defendant against the plaintiff for an absolute divorce on the grounds of two years' separation." An absolute divorce was afterwards granted, which the Court held did not destroy the alimony allowance. The Court said: "Of course, the declaration that defendant would still be liable for future installments under the original judgment adds nothing to its effectiveness."

*Winborne, J.,* said for the Court in *Dyer v. Dyer,* 212 N.C. 620, 194 S.E. 278: "The words 'alimony' and 'subsistence' have a kindred meaning. . . . Each is appropriate for use in dealing with the subject of support for the wife." Later on in this opinion he said, speaking of Ch. 52, Public Laws 1923, entitled: "An act to amend Sec. 1667 of the Con. St., relating to alimony without divorce," where the word "alimony" appears: "Thus it is clear that the Legislature, in enacting the original sections, and all along the line, used the word 'alimony' in its broad rather than technical meaning."

G.S. 50-16 provides that the defendant's decree of divorce shall not impair or destroy the right of the plaintiff to receive alimony under the decrees of court rendered in her favor before the commencement of his action for absolute divorce. The word "alimony" used in the statute includes subsistence for her, and we have decided in *Howell v. Howell, supra,* that the word "alimony" includes subsistence *pendente lite.* The question asked at the beginning of this opinion is answered No.

In plaintiff's action for alimony without divorce the defendant has never filed an answer. There is no evidence in the record that he has ever requested a final determination of that action. After his decree of absolute divorce, he has made large payments of subsistence *pendente lite.* Under these facts she will not be denied temporary subsistence on the ground that she has unreasonably delayed the trial of her action to the extent that her conduct raises a presumption of bad faith on her part. 60 Am. Dec. 678; 17 Am. Jur., Divorce and Separation, p. 435.

The lower court has not found as a fact that the defendant possessed the means to comply with the orders for the payment of subsistence *pendente lite* at any time during the period when he was in default in such payments. Therefore, the finding, that the defendant's failure to make the payments of subsistence was deliberate and wilful, is not supported by the record, and the decree committing him to imprisonment for contempt must be set aside. *Lamm v. Lamm,* 229 N.C. 248, 49 S.E. 2d 403; *Smithwick v. Smithwick,* 218 N.C. 503, 11 S.E. 2d 455; *Berry v. Berry,* 215 N.C. 339, 1 S.E. 2d 871; *Vaughan v. Vaughan,* 213 N.C. 189, 195 S.E. 351; *West v. West,* 199 N.C. 12, 153 S.E. 600.

Judge Hobgood made an allowance of $250.00 counsel fees to plaintiff's counsel, holding that the allowance of $100.00 counsel fees by Judge Burney in 1949 was wholly inadequate compensation for the services her counsel had rendered. The defendant has no assignment of error as to the allowance of the counsel fee of $250.00, except as it may be included in his general assignments of error that the court had no jurisdiction to hear the citation for contempt, and that the judgment was void. In his brief he makes no mention of the allowance of this counsel fee, and it seems he has abandoned any attack upon it. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544.

Plaintiff's action is still pending, there having been no final determination of it. *McFetters v. McFetters, supra.* The allowance in a proper case of subsistence and counsel fees *pendente lite* to the wife in an action for alimony without divorce is authorized by G.S. 50-16, and is so entrenched in our practice as to be considered an established legal right. *Perkins v. Perkins,* 232 N.C. 91, 59 S.E. 2d 356; *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745. Under proper circumstances the court, in its sound discretion, may in such a case enter a second order allowing additional counsel fees. *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899.

As the plaintiff's right to receive subsistence *pendente lite* was not destroyed by the judgment of absolute divorce, and her action is still pending, it would seem that the proviso in G.S. 50-11 is broad enough to include counsel fees to the plaintiff to enforce the payment to her of subsistence *pendente lite* in arrears, for without counsel her right to enforce such payments might be impaired or destroyed. For interesting annotations upon somewhat similar questions see: Annos., 15 A.L.R. 2d 1252 and 15 A.L.R. 2d 1270.

Since the institution of plaintiff's action for alimony without divorce, the defendant has always had, and has now, the right to bring that action to a final determination. A final determination would terminate the orders herein for subsistence *pendente lite.* However, it would not

affect the payments in arrears. The defendant has no one to blame except himself that these orders are still effective.

When, and if, this action for alimony without divorce is finally determined, it would seem that plaintiff would not be entitled to a decree for permanent alimony. First, she is no longer the defendant's wife by reason of the decree of absolute divorce. Second, the allowance of alimony payable after a decree of divorce *a vinculo* was unknown to the common law, and there is no statute of the State permitting the court to enter an order for the payment of alimony, after the rendition of a decree of absolute divorce. *Feldman v. Feldman,* 236 N.C. 731, 73 S.E. 2d 865. If, and when, this action is finally determined, a decree for permanent alimony should be entered, it would be destitute of legal effect, because the proviso of G.S. 50-11 applies only to decrees or judgments of the court for alimony "rendered before the commencement of the proceeding for absolute divorce." Whether this proviso should be restricted to the payment of permanent alimony, and should not include subsistence *pendente lite* in an action for alimony without divorce, is a matter for the consideration of the General Assembly, and not for us.

The part of the order awarding additional counsel fees will not be disturbed. The part of the order committing the defendant to imprisonment for contempt is vacated. It is so ordered.

Error and remanded.

BOBBITT, J., concurring in result: The decision is to remand the case because the findings of fact are insufficient to support the order committing defendant to jail for wilful contempt of the court's prior orders. With this I am in full accord.

Too, I agree that *Howell v. Howell,* 206 N.C. 672, 174 S.E. 921, is direct authority for decision here. The differences I regard as immaterial.

In the action for absolute divorce brought by the husband (defendant herein), the wife (plaintiff herein) pleaded the orders entered *pendente lite* in her prior action for alimony without divorce; and her said pleading indicated that her primary interest was to preserve her rights thereunder. Apparently, she did not actively resist the husband's effort to obtain an absolute divorce. In any event, the decree of absolute divorce made no mention of the *pendente lite* orders in the prior action. Notwithstanding, the husband continued to make payments under such orders. It would seem that both husband and wife and their respective counsel relied upon *Howell v. Howell, supra,* as authority to the effect that said *pendente lite* orders were not impaired or destroyed by the decree of absolute divorce. Hence, I agree that *Howell v. Howell, supra,* should be followed as authority for decision here.

But I would not recognize *Howell v. Howell, supra,* as applicable to *pendente lite* orders entered subsequent to this decision. Rather I would limit its authority to orders heretofore made, for these reasons:

1. Such *pendente lite* orders are interlocutory, designed to insure that a dependent wife suffer no disadvantage in the prosecution of her action on account of lack of funds for subsistence and counsel fees during its pendency. *Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549.

2. Since Ch. 814, Session Laws of 1955, a wife may file a cross action for alimony without divorce in her husband's action for absolute divorce; and conversely, a husband may file a cross action for absolute divorce in his wife's action for alimony without divorce.

3. A trial of an action for alimony without divorce, subsequent to a valid decree of absolute divorce, would present, to say the least, an anomalous situation. If such action could be tried, and the wife obtained a final decree for alimony without divorce after trial on the merits, the judgment in her favor, which would supersede all *pendente lite* orders, would be rendered subsequent to the commencement of the action for absolute divorce and so not within the protection of G.S. 50-11.

In short, while I approve the decision here under the doctrine of *stare decisis,* I think it appropriate to indicate that I would not approve such decision in relation to such order *pendente lite* made hereafter except for such period as precedes the rendition of final judgment of absolute divorce.

BARNHILL, C. J., joins in this opinion.