VIVIAN LAMB THOMPSON v. FREDDIE W. THOMPSON

No. 7410DC990

(Filed 5 March 1975)

1. **Divorce and Alimony § 21— failure to make child support payments —
   contempt**
   The evidence supported the trial court's determination in a con-
   tempt proceeding that defendant had actual knowledge of a court order

requiring him to make child support payments *pendente lite,* that he had the means to comply with the order, and that his failure to comply was wilful.

**2. Constitutional Law § 29; Jury § 1— failure to make support payments — contempt — no right to jury trial**

Defendant was not entitled to a jury trial in a criminal contempt proceeding based on his failure to make child support payments pursuant to a court order since such contempt is a petty offense. G.S. 5-4.

APPEAL by defendant from *Winborne, Judge.* Judgment entered 16 August 1974 in District Court, WAKE County. Heard in the Court of Appeals 12 February 1975.

Plaintiff wife brought this action against defendant husband for alimony without divorce. On 21 September 1971 the District Court entered an order denying plaintiff's motion for alimony pendente lite but requiring defendant to pay $450 per month pendente lite for the support of the parties' three children. Subsequently plaintiff moved to have defendant held in contempt for failure to make support payments. A hearing was held on the motion in August 1974.

Plaintiff offered testimony which tended to show the following: Although the order of 21 September 1971 was not formally served on defendant, he was aware of it. He saw plaintiff and telephoned her frequently, and she told him about the order. Defendant has had a well-paying job as a salesman for a number of years. He refused to make child support payments from September 1971 to August 1973, but often gave the children expensive luxury items on the condition that they try to persuade plaintiff to live with him.

Defendant testified that he did not learn of the 21 September 1971 order until August 1973 when he began making support payments. He offered testimony concerning his income for the years 1969-73, stating he was unable to make up the arrearage in payments.

The trial court found that defendant had been required to make support payments totaling $13,630 since 1971 and that he had paid to plaintiff only $2,550. The court also made the following findings:

"10. That during the entire duration, the defendant has been employed with the same company, and has been of good health, physically and mentally.

11. That for the following years, the defendant had earned commissions:

|     |      |             |
| --- | ---- | ----------- |
| (a) | 1971 | $19,726.00  |
| (b) | 1972 | 20,687.00   |
| (c) | 1973 | 17,489.00   |

12. That for the following years, the defendant had business expenses, which included his complete auto expenses and most all of his food and lodging:

|     |      |             |
| --- | ---- | ----------- |
| (a) | 1971 | $ 9,409.00  |
| (b) | 1972 | 9,465.00    |
| (c) | 1973 | 10,695.00   |

13. That for the following years the defendant had net income, which said income was almost entirely free to be applied to the support of his minor children:

|     |      |             |
| --- | ---- | ----------- |
| (a) | 1971 | $10,317.00  |
| (b) | 1972 | 11,226.00   |
| (c) | 1973 | 6,834.00    |

14. That on numerous occasions, the plaintiff and defendant had contact with each other and the defendant was fully informed of the orders of the Court, and stated in effect, that he had no intention of complying with same."

From these facts the court concluded that defendant was in arrears in the amount of $11,080, that his failure to pay support was "willful and without lawful excuse," that he was in contempt of court, and that he could not at present make up the arrearage. From an order sentencing him to 30 days' imprisonment, defendant appealed to this Court.

*George W. Anderson for plaintiff appellee.*

*Carl E. Gaddy for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the evidence does not support the trial court's findings of fact and that the findings of fact do not support the conclusions of law. In contempt proceedings findings of fact are conclusive on appeal if supported by any competent evidence and are not reviewable except to determine whether they support the judgment. *Roses Stores v. Tarrytown Center,* 270 N.C. 201, 154 S.E. 2d 320 (1967); *Mauney v.*

*Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1966). There is plenary evidence in the record that defendant had knowledge of the court order of 21 September 1971 and from September 1971 to August 1973 he had the means to comply. The conclusion of willfulness is fully supported. *See Little v. Little,* 203 N.C. 694, 166 S.E. 809 (1932).

[2] Defendant urges this Court to hold that he was entitled to trial by jury. Having been punished for acts already accomplished, which he cannot presently rectify, defendant was punished for criminal contempt. *See Dyer v. Dyer,* 213 N.C. 634, 197 S.E. 157 (1938). The maximum punishment authorized for criminal contempt is a fine of $250 or 30 days' imprisonment or both. G.S. 5-4. Our North Carolina Supreme Court has held that in such a case contempt is a petty offense for which there is no constitutional right to jury trial. *Blue Jeans v. Clothing Workers,* 275 N.C. 503, 169 S.E. 2d 867 (1969), *citing Bloom v. Illinois,* 391 U.S. 194 (1968); *Duncan v. Louisiana,* 391 U.S. 145 (1968); *and Cheff v. Schnackenberg,* 384 U.S. 373 (1966). We are bound by these decisions.

For willful disobedience of a court order, defendant was properly adjudged in contempt.

Affirmed.

Judges VAUGHN and MARTIN concur.